40

REEVES ET AL., APPELLANTS, *v.* FLOWERS, ADMR., BUREAU OF WORKMEN'S COMPENSATION, APPELLEE, ET AL.

(No. 70-473—Decided June 30, 1971.)

42

Messrs. *Rowland, Bridgewater & Robe* and *Mr. Erle Bridgewater, Jr.,* for appellants.

*Mr. William J. Brown,* attorney general, *Mr. R. Patrick Baughman* and *Mr. William M. Culbert,* for appellee Administrator of the Bureau of Workmen's Compensation.

O'NEILL, C. J. The question presented in this appeal is whether the order of the Industrial Commission, finding that decedent's parents "were not actual partial dependents at the time of his death and that their dependency did not exceed the $3,000 * * * awarded to them for presumed dependency" pursuant to R. C. 4123.59, is appealable to the Court of Common Pleas under the provisions of R. C. 4123.519.

R. C. 4123.519 provides, in pertinent part:

"The claimant or the employer may appeal a decision of the Industrial Commission in any injury case, other than a decision as to the extent of disability, to the Court of Common Pleas * * *.

"* * *

"* * * The court, or the jury under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in the fund upon the evidence adduced at the hearing of such action."

In discussing the "extent of disability" language contained in R. C. 4123.59 in *State, ex rel. Mansour,* v. *Indus. Comm.* (1969), 19 Ohio St. 2d 94, the court, said at pages 98 and 99:

"In *Carpenter* v. *Scanlon,* 168 Ohio St. 139, it was argued that a finding that 'the arthritic condition is not related to [the] injury' was not appealable under Section 4123.519. The court stated:

" 'The finding of the administrator that "the claimant's generalized arthritic involvement is not related to or the result of the injury in this claim, and, therefore, payment of compensation or for medical services for the treatment of said condition is not authorized," is clearly not "a decision as to the extent of disability" but rather a finding that the arthritic condition of claimant was not a disability resulting from the injury—*an absolute denial of the claim on a jurisdictional ground going to the basis of claimant's right.* From such a decision an appeal is authorized by the above-quoted provision of the Code.' (Emphasis supplied.)

"The emphasized language provides another guideline for identification of the scope of the 'extent of disability' as used in the statute, *i. e.,* a denial that is absolute going to the basis of claimant's right. If this kind of a denial has not been made by the Industrial Commission, it follows that the appeal would be unavailable."

Thus, it is an order constituting a "denial that is absolute going to the basis of claimant's right" that is appealable. It must be noted also that, as expressed in paragraph two of the syllabus in *Brecount* v. *Procter & Gamble Co.* (1957)), 166 Ohio St. 477:

"In the event plaintiff's right to participate is established * * * the Industrial Commission has exclusive jurisdiction to determine, under the Workmen's Compensation Act, the extent of such participation."

Since it is a "denial that is absolute going to the basis of claimant's right" that is appealable, we must examine the statutes and the commission's order to determine if there has been such an absolute denial of rights here which would support an appeal by appellants.

R. C. 4123.59 provides that the award to a partly dependent person shall be a percentage of the employee's

average weekly wage which "shall continue for such time as the Industrial Commission in each case determines * * *."

As to parents, R. C. 4123.59 states:

"It shall be presumed that there is sufficient dependency to entitle a surviving natural parent or surviving natural parents * * * with whom the decedent was living at the time of his death, to a total minimum award of three thousand dollars."

The commission's order found claimants not to be "partial dependents." However, it also found that claimants' "dependency did not exceed the $3,000 heretofore awarded to them for presumed dependency," and ordered the finding and order of the administrator reinstated and affirmed. Thus, although the commission found claimants not to be "partial dependents," it nonetheless awarded $3,000 to claimants on the basis of "dependency." By allowing appellants to participate in the Workmen's Compensation Fund, the commission recognized appellants' claim. Consequently, there has been no denial of that claim "going to the basis of claimant's right."

Inasmuch as claimants' right to participate in the Workmen's Compensation Fund has been established, and the commission has exclusive jurisdiction to determine the extent of the participation therein, the order of the Industrial Commission is not appealable to the Court of Common Pleas under R. C. 4123.519.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

SCHNEIDER, HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ, concur.