THE STATE, EX REL. O.M. SCOTT & SONS CO., APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as State, ex rel. O.M. Scott & Sons Co., *v.* Indus. Comm. (1986), 28 Ohio St. 3d 341.]

(No. 86-463—Decided December 26, 1986.)

*Gingher & Christensen, John M. Mahota* and *Randall S. Rabe,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, *Janet E. Jackson* and *Richard C. Slavin,* for appellant.

CLIFFORD F. BROWN, J. The threshold issue which must be addressed in this cause is whether relator has established the prerequisites essential to the issuance of a writ of mandamus. For the following reasons, we hold that relator has not sustained the burden imposed in mandamus actions, and that the writ must therefore be denied.

It has long been settled that in order for a relator to establish entitlement to the issuance of a writ of mandamus, he must demonstrate: (1) that he has a clear legal right to the relief prayed for; (2) that the respondent is under a clear legal duty to perform the requested act; and (3) that the

relator has no plain and adequate remedy in the ordinary course of law. *State, ex rel. Westchester,* v. *Bacon* (1980), 61 Ohio St. 2d 42 [15 O.O.3d 53], paragraph one of the syllabus; *State, ex rel. Berger,* v. *McMonagle* (1983), 6 Ohio St. 3d 28, 29.

The phrase "plain and adequate remedy in the ordinary course of the law" includes in its scope the remedy of an appeal of a decision of the Industrial Commission to the court of common pleas under R.C. 4123.519. *State, ex rel. Foley,* v. *Greyhound Lines* (1968), 16 Ohio St. 2d 6, 9 [45 O.O.2d 223], overruled on other grounds, *State, ex rel. Bosch,* v. *Indus. Comm.* (1982), 1 Ohio St. 3d 94. When such an appeal is available to relator, mandamus will not lie. *State, ex rel. Benton,* v. *Columbus & Southern Ohio Electric Co.* (1968), 14 Ohio St. 2d 130 [43 O.O.2d 238], paragraph one of the syllabus. For the reasons that follow, we hold that the order *sub judice* is appealable to the common pleas court under the above statute.

R.C. 4123.519 provides in pertinent part:

"The claimant or the employer may appeal a decision of the industrial commission or of its staff hearing officer made pursuant to division (B)(6) of section 4121.35 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas * * *."

Thus, any order of the commission may be appealed to the court of common pleas by either party unless the order pertains to the extent of disability. The decision *sub judice,* ordering that the source of claimant's compensation shall be the self-insurer rather than the State Insurance Fund, does not relate in any way to the extent of claimant's disability. It follows that the order is appealable under R.C. 4123.519, and that mandamus is not a proper vehicle to test the decision.

This holding finds support in the relevant case law. In analyzing the problem of what constitutes a decision as to the extent of disability, this court has stated that "[t]he decision of the Industrial Commission as to 'extent of disability' constitutes a determination of the basis for the computation of the compensation or benefits payable under the provisions of the workers' compensation law for those losses or impairments of bodily functions allowed as compensable injuries." *Zavatsky* v. *Stringer* (1978), 56 Ohio St. 2d 386 [10 O.O.3d 503], paragraph two of the syllabus. Cf. *State, ex rel. Bosch, supra,* at the syllabus (an order relating to the *computation* of benefits owed claimant is a decision as to the extent of disability and is unappealable).

We are aware that this court has often determined appealability based on whether the decision affects the claimant's right to participate in the state fund. See, *e.g., State, ex rel. General Motors Corp.,* v. *Indus. Comm.* (1975), 42 Ohio St. 2d 278, 280 [71 O.O.2d 255]. We have held that where the order involves the claimant's right to participate, it is not a "decision as the the extent of disability" and is appealable under R.C. 4123.519. *Id.*

Obviously, the order *sub judice* does not go to the claimant's right to participate. This does not mean, however, that the order is not appealable to the common pleas court. A decision in an injury or occupational disease case which does not involve the right to participate is nevertheless appealable as long as it does not involve the extent of disability. See *Boston* v. *Daugherty* (1983), 12 Ohio App. 3d 4, paragraph three of the syllabus.

We do not acccept the court of appeals' statement to the effect that where the parties agree that mandamus is the proper vehicle, the court may consider that question "moot" and proceed to the merits. Where the relator clearly possesses a plain and adequate remedy at law, a court may not gloss over this absence of an essential prerequisite simply because the parties have agreed among themselves to disregard it. "In workmen's compensation cases, this court has been keen to preserve the extraordinary remedy of mandamus as well as to require utilization of the [R.C. 4123.519] statutory appeal." *State, ex rel. Mansour,* v. *Indus. Comm.* (1969), 19 Ohio St. 2d 94, 97 [48 O.O. 2d 98]. This policy is furthered by a staunch defense of the "extraordinariness" of mandamus as a remedy of last resort, as well as by a firm stance of requiring litigants to exercise their right of appeal under R.C. 4123.519.

Relator has an additional adequate remedy at law in the form of a declaratory judgment action pursuant to R.C. Chapter 2721. R.C. 2721.02 provides in pertinent part:

"Courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed.* * *"

Relator may bring an action under this section, seeking a declaration that claimant's workers' compensation benefits must be paid by the State Insurance Fund, rather than by relator as a self-insurer, on the basis that the cause of claimant's disability occurred while relator was still a subscriber to the fund. This would constitute a declaration of "rights, status, and other legal relations" within the purview of R.C. 2721.02. Thus, a declaratory judgment action is available to relator as an adequate means of resolving its obligation, or lack thereof, to pay claimant's benefits as a self-insurer.

Under these facts, a declaratory judgment proceeding is a "plain and adequate remedy at law," the existence of which bars the issuance of a writ of mandamus. See *Eudela* v. *Rogers* (1984), 9 Ohio St. 3d 159.[1]

---

[1] This position is not inconsistent with our statements in *State, ex rel. Fenske,* v. *McGovern* (1984), 11 Ohio St. 3d 129, wherein we held: "The availability of an action for declaratory judgment does not bar the issuance of a writ of mandamus if the relator demonstrates a clear legal right thereto, although the availability of declaratory judgment may be considered by the court as an element in exercising its discretion whether a writ should issue. However, where declaratory judgment would not be a complete remedy unless coupled with ancillary relief in the nature of mandatory injunction, the availability of declaratory injunction is not an appropriate basis to deny a writ to which the relator is otherwise entitled." *Id.* at paragraph two of the syllabus.

The instant cause is distinguishable from *Fenske.* The clear import of the second sentence

We hold, therefore, that a decision of the Industrial Commission in an injury or occupational disease case, ordering that the compensation to which a claimant has been deemed entitled be paid by the self-insurer rather than by the State Insurance Fund, is appealable to the common pleas court under R.C. 4123.519, and may form the basis for a declaratory judgment action under R.C. Chapter 2721. The relator, therefore, has a plain and adequate remedy at law, and the writ of mandamus it seeks must be denied. See *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141 [40 O.O.2d 141], paragraph three of the syllabus.

Accordingly, the judgment of the court of appeals is hereby reversed.

*Judgment reversed*
*and writ denied.*

SWEENEY, LOCHER, HOLMES, DOUGLAS and WRIGHT, JJ., concur.

CELEBREZZE, C.J., concurs in judgment only.

---

of the syllabus set forth above is that the availability of a declaratory judgment action is not a bar to the issuance of a writ of mandamus where such an action alone would not provide complete relief to the relator. The plain implication is that where a declaratory judgment action would provide a complete remedy to the relator, its availability is an appropriate basis to deny a writ. In such a case, unlike the former, the declaratory judgment action constitutes a "plain and adequate remedy at law."