SEABLOOM ROOFING & SHEET METAL COMPANY, APPELLEE, *v.* MAYFIELD, ADMR., APPELLANT, ET AL.

[Cite as Seabloom Roofing & Sheet Metal Co. *v.* Mayfield (1988), 35 Ohio St. 3d 108.]

(No. 86-2024—Decided February 10, 1988.)

*Boggs, Boggs & Boggs Co., L.P.A.,* and *R. Timothy Bauer,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, *Helen M. Ninos* and *Gerald H. Waterman,* for appellant.

*Per Curiam.* The issues presented in this action are (1) whether the December 19, 1984 order of the Industrial Commission was appealable to the court of common pleas pursuant to R.C. 4123.519 and (2) whether an employer's motion and/or appeal challenging a decision of the Industrial Commission is subject to dismissal due to the death of the claimant during the pendency of the motion and/or administrative appeal.

I

The premise of appellant's initial argument is that the trial court lacked subject matter jurisdiction to entertain appellee's appeal of the Industrial Commission's order of December 19, 1984, pursuant to R.C. 4123.519. That order states:

"It is the finding and order of the commission that the employer's motion, filed 1-19-83 be denied; and that the administrator's motion, filed 1-18-83 also be denied; that the commission's order of 2-7-83 be vacated and held for naught; and that the order of the Staff Hearing Officers, dated 11-30-82 be reinstated and *affirmed.*

"This finding and order is based on the evidence in file and/or the evidence

adduced at the hearing." (Emphasis added.)

The order of the staff hearing officers, dated November 30, 1982, denied appellee's motion for relief under R.C. 4123.522 "for the reason that the claimant is now deceased and the claim is abated by the death of the claimant."

Appellant argues that a decision by the Industrial Commission denying a motion for relief under R.C. 4123.522 is not appealable pursuant to R.C. 4123.519 because it does not involve the right of the claimant to participate in the State Insurance Fund. Appellant also maintains that an action in mandamus was the proper remedy that appellee should have been seeking. We disagree. R.C. 4123.522 provides:

"The *employee, employer* and their *respective representatives shall be entitled* to written notice of any *hearing,* determination, *order, award* or *decision* under the provisions of Chapter 4123. of the Revised Code.

"If any person to whom a notice is mailed shall fail to receive such notice and the industrial commission, upon hearing, shall determine that such failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in such notice, such person may take the action afforded to such person within twenty days after the receipt of such notice of such determination of the industrial commission. Delivery of such notice to the address of such person or his representative shall be prima facie evidence of receipt of such notice by such person." (Emphasis added.)

R.C. 4123.519 provides in pertinent part:

"The claimant or *the employer may appeal a decision of the industrial commission* or of its staff hearing officer made pursuant to division (B)(6) of section 4121.35 of the Revised Code in any injury or occupational disease case, *other than a decision as to the extent of disability * * *.*" (Emphasis added.)

Appellant contends that its argument is supported by the following language contained in R.C. 4123.519:

"If the finding of the court or the verdict of the jury is in favor of the claimant's *right to participate in the fund,* the commission and the administrator shall thereafter proceed in the matter of the claim as if such judgment were the decision of the commission * * *." (Emphasis added.)

Therefore, appellant maintains that appealability pursuant to R.C. 4123.519 is based solely on the question of a claimant's right to participate in the fund so long as the order appealed from is not a "decision as to the extent of disability." Appellant further argues that appellee's appeal, which does not directly involve the right to participate, is not appealable under R.C. 4123.519.

However, this view clashes with our recent decision in *State, ex rel. O.M. Scott & Sons Co.,* v. *Indus. Comm.* (1986), 28 Ohio St. 3d 341, 28 OBR 406, 503 N.E. 2d 1032. In *O.M. Scott & Sons,* the decision of the Industrial Commission in question ordered that the source of the claimant's compensation should be the self-insured employer rather than the State Insurance Fund. The relator-employer sought a writ of mandamus directing that the claim be charged against the State Insurance Fund. Relator *did not* dispute the allowance of the claim. In holding that mandamus was *not* the proper legal vehicle to contest the decision of the Industrial Commission, we stated: "* * *[A]*ny order* of the commission may be appealed to the court of common pleas by either party unless

the order pertains to the extent of disability. The decision *sub judice,* ordering that the source of claimant's compensation shall be the self-insurer rather than the State Insurance Fund, does not relate in any way to the extent of claimant's disability. It follows that the order is appealable under R.C. 4123.519, and that mandamus is not a proper vehicle to test the decision.

"* * *

"We are aware that this court has often determined appealability based on whether the decision affects the claimant's right to participate in the state fund. See, *e.g., State, ex rel. General Motors Corp.,* v. *Indus. Comm.* (1975), 42 Ohio St. 2d 278, 280 [71 O.O. 2d 255]. We have held that where the order involves the claimant's right to participate, it is not a 'decision as the [*sic*] the extent of disability' and is appealable under R.C. 4123.519. *Id. Obviously the order sub judice does not go to the claimant's right to participate. This does not mean, however, that the order is not appealable to the common pleas court. A decision in an injury or occupational disease case which does not involve the right to participate is nevertheless appealable as long as it does not involve the extent of disability.* * * *" (Emphasis added.) *Id.* at 343-344, 28 OBR at 408-409, 503 N.E. 2d at 1034-1035. The instant action does not, by any means, involve the extent of disability. Therefore, based on our decision in *O.M. Scott & Sons,* we cannot agree with appellant's argument concerning the appealability of this issue.

Furthermore, the final denial of appellee's motion to vacate foreclosed appellee's right to be heard and affirmed the district hearing officer's original decision allowing the claim. As we view it, appellee is entitled to its "day in court" concerning the denial of its motion to vacate where it was al-

leged the original hearing was held without notice to appellee's counsel and the claim was allowed without formal notice to appellee or its counsel. The dismissal of appellee's motion to vacate finalized the allowance of the claim and terminated appellee's right to argue that the claimant was an independent contractor. Appellee had no available method of appealing the merits of the claim once the motion to vacate was denied. It would seem logically to follow that the dismissal of such motion constitutes an order affecting a substantial right which is appealable to the common pleas court.

Thus, in accordance with the above, we find that the trial court possessed subject matter jurisdiction to entertain appellee's appeal of the Industrial Commission's order of December 19, 1984.

## II

We must now address the issue of whether appellee's motion to vacate before the commission and subsequent appeal to the trial court should have been dismissed due to claimant's death. In the case *sub judice,* the claimant's death occurred while a motion to vacate for lack of notice was pending before the Industrial Commission. Subsequently, as noted above, the commission denied appellee's motion, concluding that the claim had abated with the death of the claimant. Appellee then filed a motion with the commission for reconsideration of the motion to vacate. The commission ultimately denied appellee's motion for reconsideration and reinstated its decision of November 30, 1982. Appellee then timely appealed the commission's decision to the trial court pursuant to R.C. 4123.519.

The trial court determined that the Industrial Commission was correct in denying appellee's motion to vacate

and granted appellant's motion for summary judgment. The trial court held that "reasonable minds can only conclude that the within appeal was abated by the death of Douglas R. Brummett during the pendency of * * * [appellee's] appeal to the Industrial Commission prior to the initiation of the instant appeal." The court of appeals reversed on the basis of our decision in *Youghiogheny & Ohio Coal Co., supra.*

*Youghiogheny & Ohio Coal Co.* concerned two cases consolidated on appeal. The first action was a claim for occupational disease benefits. The board of review ruled in favor of claimant, and the Industrial Commission affirmed. The employer appealed the commission's order to the court of common pleas pursuant to R.C. 4123.519. The claimant died after the pleadings had been filed, but prior to trial. The second action concerned a claim for disability benefits. The commission granted temporary partial disability benefits to the claimant. The employer filed a notice of appeal with the court of common pleas, but the claimant died before a petition could be filed on his behalf. The issue thus presented was whether an employer's appeal from an adverse ruling by the Industrial Commission was subject to dismissal due to the death of the employee during the pendency of the appeal. We held that such an appeal was not precluded by the employee's death.

Appellant argues that *Youghiogheny & Ohio Coal Co., supra,* does not apply to the instant case because the claimant died while the claim was still in the administrative stage and before appellee could file a notice of appeal in the trial court. We decline to adopt this argument. Despite the fact that the claimant herein died at a different stage of the appellate process than did the claimant in *Youghiogheny & Ohio Coal Co.,* we are persuaded by the reasoning of that decision to extend its application to the facts of the instant case. In distinguishing *Ratliff, supra,* Justice Holmes stated: "While the *Ratliff* court held that death abates an *employee's* cause of action, we do not believe the same is true for an appeal *initiated by the employer. If we were to extend Ratliff to include the present situation, this court would violate the rationale behind R.C. 4123.519 and preclude an employer's appeal through no fault of that party."* (Emphasis added.) *Youghiogheny & Ohio Coal Co., supra,* at 72, 11 OBR at 316, 464 N.E. 2d at 135. We find this reasoning to be sound when we are confronted with the facts of the instant case.

Thus, we extend our holding in *Youghiogheny & Ohio Coal Co.* to preserve an employer's right to appeal an adverse administrative ruling despite the death of the claimant. Although R.C. 4123.519 did not apply at the time of the claimant's death, we do not find that this unfortunate incident should automatically preclude appellee's right to appeal the allowance of the claim in the administrative stage and beyond.[1] Under the particular circumstances of this action, where appellee apparently never had a full and fair opportunity to contest the commission's order allowing the claim, we hold that appellee's motion to vacate before the commission and subsequent appeal to the trial court should not have been dismissed as a result of the claimant's death.

---

[1] Likewise, we are not persuaded by appellant's argument that Ohio Adm. Code 4123-5-21 should apply to this complaint brought by *the employer.*

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

SWEENEY, LOCHER, HOLMES and WRIGHT, JJ., concur.

MOYER, C.J., DOUGLAS and H. BROWN, JJ., dissent.

DOUGLAS, J., dissenting. The order being appealed in the instant cause is clearly not a proper subject for appeal under R.C. 4123.519. Therefore, I dissent.

The order under review herein is one in which the Industrial Commission denied appellee's motion for reconsideration of its previous order denying appellee relief under R.C. 4123.522. Neither the order denying reconsideration nor the previous order dealt in any way with the claimant's basic right to participate in the State Insurance Fund. Thus, it is not appealable.

This court has long held that an order which is absolute, going to the basis of the claimant's right to participate, is appealable under R.C. 4123.519. Otherwise, an extent of disability question is presented, which is not appealable by the express terms of that statute. *Reeves* v. *Flowers* (1971), 27 Ohio St. 2d 40, 56 O.O. 2d 22, 271 N.E. 2d 769; *Zavatsky* v. *Stringer* (1978), 56 Ohio St. 2d 386, 10 O.O. 3d 503, 384 N.E. 2d 693. See, also, Young, Workmen's Compensation Law of Ohio (2 Ed. 1971), Section 11.18, and cases cited therein.

The instant order is clearly not one which goes to the basis of the claimant's right to participate. In issuing the order at bar, the commission refused to reconsider its previous order denying appellee's motion to vacate the award of benefits to the claimant. Appellee's motion requested relief under R.C. 4123.522 on the basis that appellee's counsel had not received notice of the hearing as required. The commission denied this motion on the basis that the claimant's death abated the claim. Obviously, neither this order nor the order denying reconsideration goes to the heart of the claimant's right to participate. The claimant's entitlement to benefits was not at issue in any way. Hence, the order is not appealable. Instead, mandamus is the appropriate procedure for testing the validity of the commission's denial of appellee's motion to vacate on the basis that the claimant's death abated the claim. See *Miraglia* v. *B.F. Goodrich Co.* (1980), 61 Ohio St. 2d 128, 15 O.O. 3d 163, 399 N.E. 2d 1234.

The majority's reliance on *State, ex rel. O. M. Scott & Sons Co.,* v. *Indus. Comm.* (1986), 28 Ohio St. 3d 341, 28 OBR 406, 503 N.E. 2d 1032, is misplaced. In that case, this court stated that "[a] decision in an injury or occupational disease case which does not involve the right to participate is nevertheless appealable as long as it does not involve the extent of disability." *Id.* at 344, 28 OBR at 409, 503 N.E. 2d at 1035. The decision under review herein was not one made "in an injury or occupational disease case." The instant order denied appellee's motion for reconsideration of the commission's prior order denying appellee relief under R.C. 4123.522. The question presented to the commission by that motion was whether it erred in finding that appellee was not entitled to the relief afforded by that statute due to its counsel's alleged failure to receive notice of the hearing held October 21, 1981. That question has nothing to do with an injury or occupational disease. *O.M. Scott & Sons* should not be interpreted as rendering each and every interlocutory or peripheral order

of the Industrial Commission appealable to the common pleas court. This is surely not what the legislature intended. To allow the instant order to be taken before the common pleas court under R.C. 4123.519 unjustifiably enlarges the intended jurisdiction of that court.

Accordingly, I would reverse the judgment of the court of appeals and reinstate the judgment of the trial court, albeit on different grounds.

MOYER, C.J., and H. BROWN, J., concur in the foregoing dissenting opinion.