KELLY, Appellant,

v.

MAYFIELD, Admr., et al., Appellants;

NLO, Inc., Appellee.

[Cite as *Kelly v. Mayfield* (1991), 76 Ohio App.3d 1.]

Court of Appeals of Ohio,
Hamilton County.

Nos. C–900660, C–900664.

Decided Aug. 28, 1991.

*White, Getgey & Meyer* and *Barbara F. Florez,* for appellant Kelly.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *William D. Haders,* for appellants.

*Beirne & Wirthlin, John S. Wirthlin* and *Michael F. Wirthlin,* for appellee NLO, Inc.

---

*Per Curiam.*

Plaintiff-appellant, Herbert Lee Kelly, filed a workers' compensation claim against his employer, NLO, Inc. ("NLO"), for injuries caused by an occupational disease. Following a hearing, a district hearing officer issued an order allowing Kelly's claim and denying NLO's motion to depose the Industrial Commission ("the commission") of Ohio's specialist, Dr. Lockey. On appeal by NLO, the Dayton Regional Board of Review modified the order by granting NLO's motion and by holding the question of Kelly's claim in abeyance. After reviewing the deposition of Dr. Lockey, the regional board ordered that Kelly be examined by a new doctor and then remanded the claim to the district hearing officer. Upon Kelly's appeal, two staff hearing officers at the commission affirmed the board's order as to the new medical examination, but ordered that the allowance of the claim be decided by the regional board.

NLO then appealed the commission's decision to the court of common pleas. The common pleas court denied motions to dismiss the appeal filed by Kelly, the Bureau of Workers' Compensation ("the bureau") and the commission, and granted NLO's motion for summary judgment. Kelly, the bureau and the commission then filed appeals to this court.

Appellants' assignments of error on appeal contend that the court of common pleas improperly denied their motions to dismiss NLO's appeal and improperly granted NLO's motion for summary judgment. Because the trial court lacked jurisdiction over NLO's appeal, we sustain appellants' assignments of error.

R.C. 4123.519 provides, in pertinent part, as follows:

"The claimant or the employer may appeal a decision of the industrial commission or of its staff hearing officer made pursuant to division (B)(6) of section 4121.35 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas * * *."

NLO argues that the decision of the commission to remand Kelly's claim to the regional board does not involve the extent of disability and that, therefore, NLO could appeal that decision to the court of common pleas.

However, pursuant to R.C. 2505.03, only final orders of administrative agencies may be reviewed on appeal by a court of common pleas. A final

order is an "order that affects a substantial right in an action which in effect determines the action and prevents a judgment." R.C. 2505.02.

The decision of the commission remanding Kelly's claim to the regional board rather than remanding it to the district hearing officer does not affect a substantial right in this action which would prevent a judgment. Therefore, the commission's decision does not constitute a final order which may be reviewed by the common pleas court. Cf. *Seabloom Roofing & Sheet Metal Co. v. Mayfield* (1988), 35 Ohio St.3d 108, 519 N.E.2d 358 (Industrial Commission's order denying employer's motion to vacate allowance of claim affects a substantial right which is appealable to the common pleas court). Thus, the trial court did not possess subject-matter jurisdiction to entertain NLO's appeal of the decision of the commission.

Because the trial court lacked jurisdiction over the appeal filed by NLO, it improperly granted NLO's motion for summary judgment, and improperly denied appellants' motions to dismiss the appeal. We, therefore, reverse the judgment of the trial court and remand this cause for the entry of an order dismissing NLO's appeal to the court of common pleas.

*Judgment reversed*
*and cause remanded.*

DOAN, P.J., KLUSMEIER and HILDEBRANDT, JJ., concur.