AFRATES, APPELLEE, *v.* CITY OF LORAIN ET AL., APPELLANTS.

[Cite as *Afrates v. Lorain* (1992), 63 Ohio St.3d 22.]

(No. 90–2328—Submitted November 13, 1991—Decided February 19, 1992.)

*Shapiro, Kendis & Associates Co., L.P.A., Alan J. Shapiro* and *Eric P. Allen*, for appellee.

*Raymond J. Ewers*, for appellant city of Lorain.

*Lee I. Fisher*, Attorney General, and *Diane J. Karpinski*, for appellants Administrator and Industrial Commission.

DOUGLAS, J.  The question we are asked to decide is whether the commission's May 5, 1988 decision, finding that the city did not receive, as required by R.C. 4123.522, notice of the administrator's April 1987 order, is appealable under the provisions of R.C. 4123.519.  For the reasons that follow, we hold that the May 5, 1988 decision of the commission was not appealable pursuant to the terms of R.C. 4123.519 and, accordingly, reverse the judgment of the court of appeals.

In part, R.C. 4123.519 (now renumbered 4123.519[A]) provided:

"The claimant or the employer may appeal a decision of the industrial commission or of its staff hearing officer made pursuant to division (B)(6) of section 4121.35 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas * * *."

Afrates takes a very far-reaching view of R.C. 4123.519.  Afrates contends that except for a decision concerning an "extent of disability" question, *all* decisions of the commission, including decisions made pursuant to the terms of R.C. 4123.522, are appealable to the common pleas court.  In support of his position, Afrates relies primarily on *State, ex rel. O.M. Scott & Sons Co., v. Indus. Comm.* (1986), 28 Ohio St.3d 341, 28 OBR 406, 503 N.E.2d 1032, and

*Seabloom Roofing & Sheet Metal Co. v. Mayfield* (1988), 35 Ohio St.3d 108, 519 N.E.2d 358.

In *Seabloom,* a district hearing officer allowed the claimant's application for compensation for injuries he sustained while working on a reroofing project contracted by Seabloom Roofing & Sheet Metal Company. The company filed a motion with the commission, pursuant to R.C. 4123.522, to vacate the order on the basis that the company had not received notice of the allowance of claimant's application. While the company's motion was pending, the claimant took his own life. Ultimately, the commission denied the company's motion on the basis that the claimant's death abated the claim. The company sought review of the *entire* decision of the commission by filing an R.C. 4123.519 appeal.

On appeal to this court, the administrator argued, *inter alia,* that the commission's decision denying a motion for relief under R.C. 4123.522 was not a decision involving the right of the claimant to participate in the fund and, therefore, was not appealable through an R.C. 4123.519 appeal. In rejecting the administrator's argument, we adopted language from *O.M. Scott & Sons, supra,* that:

" ' * * * *[A]ny order* of the commission may be appealed to the court of common pleas by either party unless the order pertains to the extent of disability. * * *

" ' * * *

" ' * * * *Obviously, the order sub judice does not go to the claimant's right to participate. This does not mean, however, that the order is not appealable to the common pleas court. A decision in an injury or occupational disease case which does not involve the right to participate is nevertheless appealable as long as it does not involve the extent of disability.* * * * ' " (Emphasis *sic.*) *Id.,* 35 Ohio St.3d at 110–111, 519 N.E.2d at 360–361.

Without question, language set forth in *O.M. Scott & Sons, supra,* and later adopted in *Seabloom* significantly broadened the scope of R.C. 4123.519. Prior to *O.M. Scott & Sons,* this court interpreted R.C. 4123.519 as permitting R.C. 4123.519 appeals only where the issue was a claimant's right to participate in the State Insurance Fund. See *Reeves v. Flowers* (1971), 27 Ohio St.2d 40, 56 O.O.2d 22, 271 N.E.2d 769; *Smith v. Krouse* (1978), 54 Ohio St.2d 369, 8 O.O.3d 387, 377 N.E.2d 493; and *Zavatsky v. Stringer* (1978), 56 Ohio St.2d 386, 10 O.O.3d 503, 384 N.E.2d 693. We now determine that the standard announced in *O.M. Scott & Sons* and followed in *Seabloom* and their

progeny,[1] interpreting R.C. 4123.519, is too broad. We find that *Reeves, Smith* and *Zavatsky* properly construed R.C. 4123.519.

The purpose of R.C. 4123.519 is clear. The statute provides, in six separate places, that the issue presented by an R.C. 4123.519 appeal is the claimant's right to participate or continue to participate in the fund. For instance, the statute provides that it is the claimant who is required to file a petition " * * * showing a cause of action to participate or to continue to participate in the fund. * * * " There may be times when a dispute does not involve a claimant but, rather, the dispute lies between an employer and the commission. Such a situation may arise in a handicap reimbursement case[2] or when the issue is whether the costs of the claim should be charged to the state fund or to the self-insured employer.[3] It would make little sense for the claimant, who is not a party to the action and who may be receiving benefits, to file a petition. Further, R.C. 4123.519 provides that the court, or the jury if demanded, " * * * shall determine the right of the *claimant* to participate in the fund upon the evidence adduced at the hearing of such action." (Emphasis added.) R.C. 4123.519 appeals are subject to *de novo* review. *State, ex rel. Mitchell, v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 484, 6 OBR 531, 534, 453 N.E.2d 721, 724. The General Assembly could not possibly have intended that each and every decision of the commission be the subject of a *de novo* review. Requiring a *de novo* factual review of *all* decisions would only prolong a determination as to whether the claimant is entitled to participate or continue to participate in the fund.

Accordingly, we hold that a (final) decision of the Industrial Commission involving a claimant's right to participate or to continue to participate in the State Insurance Fund must, if review is sought, be appealed pursuant to the terms of R.C. 4123.519. The only decisions reviewable pursuant to R.C. 4123.519 are those decisions involving a claimant's right to participate or to continue to participate in the fund.

Keeping in mind the foregoing, we turn our attention to former R.C. 4123.522 and the commission's May 5, 1988 decision. R.C. 4123.522 provided, in part, that:

---

1. In addition to *Seabloom, supra,* see, also, *State, ex rel. Wean United, Inc., v. Indus. Comm.* (1988), 37 Ohio St.3d 203, 524 N.E.2d 896, and *State, ex rel. Y & O Coal Co., v. Indus. Comm.* (1988), 40 Ohio St.3d 165, 532 N.E.2d 745.

2. R.C. 4123.343.

3. See *State, ex rel. O.M. Scott & Sons Co., v. Indus. Comm.* (1986), 28 Ohio St.3d 341, 28 OBR 406, 503 N.E.2d 1032.

"The employee, employer and their respective representatives shall be entitled to written notice of any hearing, determination, order, award or decision under the provisions of Chapter 4123. of the Revised Code.

"If any person to whom a notice is mailed shall fail to receive such notice and the industrial commission, upon hearing, shall determine that such failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in such notice, such person may take the action afforded to such person within twenty days after the receipt of such notice of such determination of the industrial commission. * * * "

On May 5, 1988, the commission determined that the city did not receive notice of the administrator's April 1987 provisional order. The commission then granted the city leave to file an objection to the claimant's application for benefits. This decision, from which Afrates sought an R.C. 4123.519 appeal, was simply a ruling on the motion filed by the city requesting a determination whether it had received notice of the April 1987 provisional order. The ruling was in no way one which finalized the allowance (or disallowance) of Afrates's claim. The ruling did not negate the right of Afrates to pursue, through or within the administrative structure, some final determination of his (Afrates's) right to be awarded benefits. This being the case, Afrates has not been denied his right to participate in the fund. Thus, Afrates had no right of appeal under R.C. 4123.519.

Therefore, we further hold that a decision of the Industrial Commission, finding that an employer, as required by R.C. 4123.522, did not have *notice* of an order of the Administrator of the Bureau of Workers' Compensation, does not go to the basis of a claimant's right to participate or continue to participate in the fund and, thus, is not appealable under the provisions of R.C. 4123.519.

In addition, we hold that an administrative decision that is final may be challenged by a writ of mandamus, where appropriate, or in an action for declaratory judgment.[4] The judgment of the court of appeals is reversed and the judgment of the trial court is reinstated.

*Judgment reversed.*

MOYER, C.J., HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

---

4. R.C. 2721.02 provides:

"Courts of record *may declare rights, status, and other legal relations whether or not further relief is or could be claimed.* * * * The declaration may be either affirmative or

SWEENEY, J., dissents based on his votes in *State, ex rel. O.M. Scott & Sons Co., v. Indus. Comm.* (1986), 28 Ohio St.3d 341, 28 OBR 406, 503 N.E.2d 1032, and *Seabloom Roofing & Sheet Metal Co. v. Mayfield* (1988), 35 Ohio St.3d 108, 519 N.E.2d 358.

---

negative in form and effect. Such declaration has the effect of a final judgment or decree." (Emphasis added.)

Further, R.C. 2721.03 provides:

"*Any* person interested under a * * * written contract * * * or whose *rights*, status, or other *legal relations* are affected by a * * * *statute* * * * may have determined *any* question of construction or validity arising under such * * * statute * * * and obtain a declaration of rights, status, *or other legal relations* thereunder." (Emphasis added.)