JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Annie Kelley allegedly incurred an injury arising out of her employment as a housekeeper for a Marriott Hotel owned by Interstate Hotels Corp. A workers' compensation claim was filed on behalf of Kelley. On February 1, 1996, Interstate rejected the claim because the form was not properly completed, the medical information obtained from Kelley's physician differed from the injury complained of, and there was a substantial delay between the time of the alleged injury and the medical treatment received by Kelley.
On March 20, 1996, the Bureau of Workers' Compensation denied the claim, and notice of the denial was sent by mail to Kelley's last known address. Kelley had fourteen days to appeal the denial of her claim, which she failed to do.
On September 16, 1996, Kelley filed a motion, pursuant to R.C. 4123.522, seeking a delayed appeal based upon a failure to receive notice of the denial of her claim. A motion hearing was held on January 10, 1997, before a staff hearing officer. The staff hearing officer found that the order was properly mailed to Kelley. The staff hearing officer also found that Kelley's failure to receive the order was a result of causes within her control and through her neglect. Thus, the R.C. 4123.522 motion was denied.
Kelley then filed an appeal with the court of common pleas. Kelley alleged in her appeal that she was denied the right to participate in the workers' compensation fund. The defendants in the case filed a motion for summary judgment, claiming that the common pleas court lacked jurisdiction. The motion was granted, and Kelley now asks this court to reverse the common pleas court and allow her case to go forward on the merits, claiming in her single assignment of error that the trial court erred in granting the defendants' motion for summary judgment.
When the Bureau of Workers' Compensation grants or denies a claim, the affected parties have fourteen days to file an appeal. After the fourteen days pass, a party must seek a delayed appeal pursuant to R.C. 4123.522, which allows such an appeal in cases where the party did not receive notice of the bureau's decision. See R.C. 4123.522. Several cases, including ones decided by the Supreme Court of Ohio, have held that R.C. 4123.522
does not determine a claimant's right to participate or continue to participate in the workers' compensation fund. See, e.g.,Afrates v. Lorain (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175. Unlike a denial-of-benefits appeal filed pursuant to R.C.4123.512, an R.C. 4123.522 decision is not a final appealable order that vests jurisdiction with the court of common pleas.Id. The only means left to challenge a decision not to allow a delayed appeal pursuant to R.C. 4123.522 is through either an action for writ of mandamus or an action for declaratory judgment. Id. Since Kelley failed to pursue the proper avenues to contest the denial of her R.C. 4123.522 motion, we overrule Kelley's assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judg-ment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.
 To the Clerk:
Enter upon the Journal of the Court on October 20, 1999 per order of the Court _______________________________.
 __________________________ Presiding Judge