[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 418.]

THE STATE EX REL. BOND, APPELLANT, *v*. VELOTTA COMPANY ET AL.;

INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Bond v. Velotta Co.*, 2001-Ohio-91.]

*Workers' compensation—Decision of Industrial Commission to allow or disallow*
*compensation for additional condition requested subsequent to initial*
*allowance of the claim is a right-to-participate question, appealable, and*
*therefore not subject to mandamus.*

(No. 99-1920—Submitted March 13, 2001—Decided May 23, 2001.)

APPEAL from the Court of Appeals for Franklin County, No. 98AP-1225.

————————————

*Per Curiam.*

{¶ 1} The workers' compensation claim of claimant-appellant William J. Bond was initially allowed for "lumbar sprain; contusion left shoulder." Claimant later moved appellee, Industrial Commission of Ohio, to additionally allow his claim for "Grade I-II spondylolisthesis at L5 and S1 by way of direct cause or aggravation of pre-existing condition." He also moved for temporary total disability compensation.

{¶ 2} Claimant was examined by, among others, Dr. Arthur L. Hughes, who wrote:

"Spondylolisthesis and spondylolysis are congenital. This means that these conditions may have been present since birth. There is no question that they were aggravated by the patient's extreme obesity. * * *

" 'Aggravation' of these conditions requires that radiculopathy occur as a consequence of the injury. Pain, without radiculopathy, cannot be counted as evidence of aggravation. Mr. Bond did have evidence of radiculopathy at the time he was evaluated by Dr. Perin, though he no longer has clear evidence of

radiculopathy. I would, therefore, state there was evidence of aggravation of these pre-existing conditions at the time of Dr. Perin's evaluation, but there is not clear evidence of aggravation at the present time."

**{¶ 3}** A staff hearing officer ultimately allowed the claim for "aggravation of pre-existing grade I spondylolisthesis at L5-S1 *resolved*," based on Dr. Hughes's report. (Emphasis added.) Claimant unsuccessfully contested the inclusion of the word "resolved" administratively.

**{¶ 4}** Claimant appealed to the Court of Common Pleas of Hamilton County. The complaint was dismissed after the judge determined that the issue involved extent of disability and was therefore not appealable. The Court of Appeals for Hamilton County affirmed, and we declined jurisdiction to hear the case. *Bond v. Velotta Co.* (1999), 87 Ohio St.3d 1453, 719 N.E.2d 968.

**{¶ 5}** Claimant then filed a complaint in mandamus in the Court of Appeals for Franklin County. That court denied the writ, finding that the question was not extent of disability, but was one of right to participate—an appealable issue and therefore not subject to mandamus.

**{¶ 6}** This cause is now before this court on an appeal as of right.

**{¶ 7}** Claimant has not contested in his brief the jurisdictional finding made by the Court of Appeals for Franklin County, which is the only issue reached by that court. He instead discusses solely the merits of his case. Claimant's failure to confront the jurisdictional issue is not an impediment to our consideration, however, since subject matter jurisdiction cannot be waived and may be raised by us *sua sponte*. *State ex rel. Wilson-Simmons v. Lake Cty. Sheriff's Dept.* (1998), 82 Ohio St.3d 37, 40, 693 N.E.2d 789, 791; *Springfield Local School Dist. Bd. of Edn. v. Lucas Cty. Budget Comm.* (1994), 71 Ohio St.3d 120, 121, 642 N.E.2d 362, 364. In this instance, we find that it is an issue that must be addressed.

**{¶ 8}** Questions involving the extent of disability are not appealable. R.C. 4123.512(A). Over the years, the question of what constitutes "extent of disability"

and, consequently, which workers' compensation issues are and are not appealable has been a contentious one. *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175, simplified that debate by declaring that only those decisions involving a claimant's right to participate or to continue to participate in the workers' compensation system are appealable. *Id.* at paragraph one of the syllabus. The decision of the commission to allow or disallow an additional medical condition is a right-to-participate question and hence appealable. *McClosky v. Regal Mining, Inc.* (1997), 78 Ohio St.3d 171, 677 N.E.2d 335. And this is appropriate. The question of claimant's extent of disability attributable to spondylolisthesis is irrelevant unless and until that condition becomes part of the claim. The presence, therefore, of an adequate remedy at law renders the current mandamus action untenable.

{¶ 9} The judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., concurs in judgment.

————————————

*O'Connor, Acciani & Levy, Marissa L. Godby* and *Carrie L. Budinger*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Craigg E. Gould*, Assistant Attorney General, for appellee.

————————————