OPINION
On November 11, 1980, appellant, Cathy S. Durant, sustained an industrial injury while employed by appellee, Superior's Brand Meats, Inc. Appellee Superior's was self-insured under Ohio Workers' Compensation Law. Appellant's claim for benefits was allowed.
On March 3, 1988, appellee Superior's filed a motion with appellee, the Bureau of Workers' Compensation, requesting a formal hearing on the issue of overpayment of benefits to appellant. By order dated January 10, 1989, the Industrial Commission found an overpayment of $21,192.87 from October 31, 1985 through May 28, 1987, and ordered appellant to repay said overpayment to appellee Superior's.
On April 3, 1991, appellant filed a complaint in mandamus in the Court of Appeals for the Tenth Appellate District. Appellee Superior's filed a cross petition on April 29, 1991. Appellant sought to vacate the overpayment order and appellee Superior's requested enlargement of the overpayment period to include May 6, 1985 to May 28, 1987. By report dated November 19, 1992, the referee recommended the denial of both requests and the affirmance of the Industrial Commission's order. By judgment entry dated February 4, 1993, the court affirmed the overpayment covering the period from October 31, 1985 to May 28, 1987.
 On May 11, 1994, the Supreme Court of Ohio upheld the overpayment, but reversed the decision relative to the overpayment start date due to inadequate explanation, and remanded the cause to the Industrial Commission for further proceedings. See, State ex rel. Cathy S. Durant v. Superior's Brand Meats (1994), 69 Ohio St.3d 284 (hereinafter "Durant I").
On February 8, 1995, appellee Superior's filed a complaint in the Court of Common Pleas of Stark County, Ohio, against appellant for declaratory judgment and money damages. On August 2, 1995, appellee Superior's filed a motion for summary judgment. By judgment entry dated September 18, 1995, the trial court granted said motion. Appellant filed an appeal to this court. This court reversed the decision finding the trial court did not have jurisdiction since the case had been remanded to the Industrial Commission for further determination as to the overpayment start date. See, Superior's Brand Meats, Inc. v. Durant (March 18, 1996), Stark App. No. 95 CA 0335, unreported (hereinafter "Durant II").
A hearing before the Industrial Commission was held on April 13, 1998. By orders dated May 5, 1998 and September 18, 1998, the Industrial Commission changed the overpayment start date from October 31, 1985 to May 6, 1985. The orders also provided for appellee Superior's to "recoup" the overpayment in accordance with the applicable rules.
On May 12, 1999, appellee Superior's filed a second complaint in the Court of Common Pleas of Stark County, Ohio, against appellant for declaratory judgment and money damages. The prayer for relief sought to recover $27,753.45 plus interest from January 10, 1989. Appellant filed a counterclaim regarding unpaid medical bills. In addition, appellant filed a third party complaint against appellee Bureau claiming recoupment of overpayments must be paid by the Bureau's surplus fund or from future benefits.
On November 8, 1999, appellee Superior's filed a motion for summary judgment. By judgment entry filed December 8, 1999, the trial court granted said motion and awarded appellee Superior's $27,753.45 plus interest from January 10, 1989. On September 20, 2000, the trial court dismissed the third party complaint against appellee Bureau for lack of subject matter jurisdiction. On December 13, 2000, the trial court dismissed appellant's counterclaim.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION TO GRANT THE DECLARATORY RELIEF REQUEST BY APPELLEE-SUPERIOR'S AS TO THE INDUSTRIAL COMMISSION'S OVERPAYMENT ORDER.
 II THE TRIAL COURT ERRED IN VACATING THE DEFAULT JUDGMENT RENDERED AGAINST THE BUREAU OF WORKERS' COMPENSATION AS TO THE THIRD PARTY COMPLAINT AND DISMISSING IT AS A PARTY.
 III THE TRIAL COURT ERRED IN EXERCISING VENUE IN REGARD TO THE DECLARATORY COMPLAINT IT FILED HEREIN.
 IV
THE TRIAL COURT ERRED IN AWARDING INTEREST BACK TO 1989.
 I, II
Appellant claims the trial court lacked subject matter jurisdiction to grant declaratory relief and erred in relation to the third party complaint filed against appellee Bureau. We disagree.
The threshold question raised is whether an action pursuant to R.C.2721.02 and R.C. 2721.03 may be pursued by appellee Superior's. We answer in the affirmative.
R.C. 2721.02 and R.C. 2721.03 provide in pertinent part as follows:
2721.02 Force and Effect of Declaratory Judgments
 Subject to division (B) of this section, courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding is open to objection on the ground that a declaratory judgment or decree is prayed for under this chapter. The declaration may be either affirmative or negative in form and effect. The declaration has the effect of a final judgment or decree.
* * *
2721.03 Construction and Validity of Instrument
 Subject to division (B) of section 2721.02 of the Revised Code, any person interested under a deed, will, written contract, or other writing constituting a contract or any person whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, township resolution, contract, or franchise may have determined any question of construction or validity arising under the instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise and obtain a declaration of rights, status, or other legal relations under it.
* * *
In Afrates v. City of Lorain (1992), 63 Ohio St.3d 22, paragraph one of the syllabus, the Supreme Court of Ohio stated "[t]he only decisions reviewable pursuant to R.C. 4123.519 are those decisions involving a claimant's right to participate or to continue to participate in the fund." The Afrates court further stated in paragraph three of the syllabus "[a]n administrative decision that is final may be challenged by a writ of mandamus, where appropriate, or in an action for declaratory judgment." Thereafter, in State ex rel. Marks v. Industrial Commission
(1992), 63 Ohio St.3d 184, the Supreme Court of Ohio discussed theAfrates decision and the declaratory judgment statutes cited supra, and found a claimant was entitled to bring a declaratory judgment action to enforce an order of the Industrial Commission:
 Claimant in essence seeks a declaration of her rights under R.C. 4123.515. The nature of this controversy falls within that contemplated by the declaratory judgment provisions of R.C. Chapter 2721. Under these facts, declaratory judgment provides an adequate remedy at law which precludes the issuance of a writ of mandamus. State, ex rel. Berger, v. McMonagle (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225.
Marks at 186.
Although the case sub judice involves an employer seeking declaratory judgment against a claimant for recoupment of overpayments as ordered by the Industrial Commission, we find the Marks court would not have found R.C. 2721.02 and R.C. 2721.03 available to only one side of an appeal. Because this case is a declaratory judgment action seeking recovery pursuant to an Industrial Commission order, we find Marks to be controlling.
Upon review, we find the trial court had subject matter jurisdiction to hear the declaratory judgment action.
In order to proceed to the remaining points under this assignment of error and Assignment of Error II, we must first address whether the issues argued have been waived because they were not included in the appeals of the Tenth District Court of Appeals, Durant I and Durant II.
The issues originally contested by appellant in the Tenth District Court of Appeals case was the Industrial Commission's declaration of overpayment and chiropractic termination. The court specifically "upheld the overpayment order in its entirety." Durant I at 287. The Supreme Court of Ohio in Durant I at 294 upheld the overpayment decision finding "the commission did not abuse its discretion in assessing an overpayment against claimant." However, the Supreme Court of Ohio did find a problem with the overpayment start date. The Durant I court at 295 stated the following:
* * *
 We accordingly order the commission to amend its order with further explanation pursuant to Noll [State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203].
 For the reasons given above, we hereby reverse that portion of the appellate judgment that upheld the overpayment start date, and remand the cause to the commission for further proceedings.
* * *
Specifically absent from Durant I is the issue of the Industrial Commission's order stating the overpayment must be paid to appellee Superior's by appellant. In Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3, the Supreme Court of Ohio summarized the law of the case doctrine as follows:
 Briefly, the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. * * * Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law.
Based upon the law of the case doctrine, we find the issue regarding the Industrial Commission's order stating the overpayment must be paid to appellee Superior's by appellant to have been waived. Accordingly, Assignments of Error I and II are denied because a valid enforceable judgment and order exist upon which appellee Superior's can receive its declaratory judgment.
 III
Appellant claims the trial court erred in not complying with Loc.R. 6.03 of the Court of Common Pleas of Stark County, General Division, but instead following Sup.R. 36(D). We disagree.
Appellant argues because this court in Durant II found declaratory judgment did not apply, the matter sub judice is not a refiled case but a new cause of action. We disagree. This court's decision in Durant II
held that the Supreme Court of Ohio's mandate did not vest jurisdiction in the Court of Common Pleas but rather specifically remanded the case to the Industrial Commission. The Industrial Commission has since addressed the mandate and the matter is viable under the declaratory judgment action. The matter is in fact a refiled case and Sup.R. 36(D) does apply.
Assignment of Error III is denied.
 IV
Appellant claims the trial court erred in assessing interest back to January 10, 1989. We agree.
Appellee Superior's argues "R.C. 1343.03 provides interest on a liquidated debt beginning on the date when the sum is due." Appellee Superior's Brief at 13. R.C. 1343.03 (A) states as follows:
 Except as provided in division (C)(2) of this section, in cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, except that, if a written contract provides a different rate of interest in relation to the money that becomes due and payable, the creditor is entitled to interest at the rate provided in that contract.
The dates to compute the overpayment amount were not known until the Industrial Commission addressed the Supreme Court of Ohio's mandate via order dated May 5, 1998. Interest should commence from the May 5, 1998 date.
Assignment of Error IV is granted.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed in part and reversed in part.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed in part and reversed in part. Costs to appellant.
 ______________________________ By Farmer, J.
Gwin, P.J. and Hoffman, J. concur.