THE STATE, EX REL. OHIO CITY MANUFACTURING COMPANY, INC., APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Ohio City Mfg. Co., *v.* Indus. Comm. (1988), 40 Ohio St. 3d 170.]

(No. 87-1852—Submitted September 20, 1988—Decided December 30, 1988.)

*Crabbe, Brown, Jones, Potts & Schmidt* and *William W. Johnston,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Gerald H. Waterman,* for appellee Industrial Commission.

*Chester T. Freeman Co., L.P.A.,* and *Chester T. Freeman,* for appellee McConn.

*Per Curiam.* Appellant contends that the commission improperly ordered concurrent payment of temporary total and temporary partial compensation for the same body part. It also challenges the sufficiency of the orders themselves, essentially alleging that they are neither supported by "some evidence" nor in compliance with *State, ex rel. Mitchell,* v. *Robbins & Myers, Inc.* (1983), 6 Ohio St. 3d 481, 6 OBR 531, 453 N.E. 2d 721. We disagree.

*State, ex rel. Steurer,* v. *Indus. Comm.* (Mar. 17, 1983), Franklin App. No. 82AP-893, unreported, determined that concurrent payment of temporary total and temporary partial compensation was permissible, provided the compensation was paid in different claims involving different body parts. In the present case, temporary partial compensation was paid in a claim recognized for "carpal tunnel syndrome, right" — a wrist condition. Temporary total benefits were paid in claim No. OD 19349-22, allowed for "medial and lateral epicondylitis of right arm" — an elbow condition. Different parts of the body are clearly involved.

The rest of appellant's argument attacks the sufficiency, or alleged lack thereof, of the evidence on which the commission relied. It correctly observes that a commission decision must be supported by "some evidence" (*State, ex rel. Burley,* v. *Coil Packing, Inc.* [1987], 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E. 2d 936), but contends, however, that this requirement has not presently been met. We find otherwise.

Appellant's argument is undermined by its apparent misunderstanding of the bases of the orders in question. It contends that the commission, in awarding compensation in claim No. OD 17482-22, relied on medical evidence attributing appellee's disability solely to her elbow condition. This statement is incorrect. Contrary to appellant's assertion, the temporary partial disability compensation in question was not based on a July 1981 application for reactivation (C-85-A) which attributed temporary total disability to "tendonitis right elbow" — a non-allowed condition in the claim. The temporary partial compensation instead resulted from a hearing conducted on March 6, 1981. At that time, the C-85-A to which appellant refers did not exist. Further examination of this order reveals that compensation was based on the medical reports of Drs. Park, Gregg, Deerhake, Ottinger and Sell, all of whom attributed appellee's then current impairment exclusively to the carpal tunnel syndrome. The award was thus supported by "some evidence."

So, too, was the situation in claim No. OD 19349-22, allowed for right arm epicondylitis. Temporary total disability compensation in that claim was awarded pursuant to a hearing conducted on June 3, 1983, based on

the reports of Drs. Sell, Shugart, and Brown. Dr. Sell's May 21, 1983 letter, for example, clearly indicated that appellee's elbow condition had prevented her from returning to her former job since May 15, 1981. There was again "some evidence" in support of the award.

Also without merit is appellant's contention that the commission orders failed to comply with the standards set forth in *State, ex rel. Mitchell,* v. *Robbins & Myers, Inc., supra. Mitchell* requires that the commission specifically state "which evidence and only that evidence which has been relied upon to reach [its] conclusion, and a brief explanation stating why the claimant is or is not entitled to the benefits requested." *Id.* at 483-484, 6 OBR at 534, 453 N.E. 2d at 724. In the present case, the hearing officers' orders identified the doctors' reports on which they relied. In *State, ex rel. Hutt,* v. *Frick-Gallagher Mfg. Co.* (1984), 11 Ohio St. 3d 184, 11 OBR 497, 464 N.E. 2d 1005, such identification was found sufficient. *Mitchell, supra,* does not require an exhaustive analysis of the evidence, as appellant has suggested.

Based on the foregoing, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.