THE STATE, EX REL. MARKS, APPELLEE, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as *State ex rel. Marks, v. Indus.
Comm.* (1992), 63 Ohio St.3d 184.]

(No. 90–1874—Submitted December 3, 1991—Decided March 11, 1992.)

[REDACTED]

*Clements, Mahin & Cohen* and *Edward Cohen,* for appellee.

*Lee I. Fisher,* Attorney General, and *Hilla M. Zerbst,* for appellants.

---

*Per Curiam.* Under R.C. 4123.515:

" * * * [W]here the regional board rules in favor of the claimant, compensation and benefits shall be paid * * * whether or not further appeal is taken. * * * "

In the case before us, the board allowed claimant's workers' compensation claim, granted medical bill payment and ordered temporary total disability compensation "to be paid according to proof of file. * * * " Compensation and benefits, however, were never paid. Claimant's attempt to now enforce the board's order raises several questions, the first of which involves the possible existence of an adequate remedy at law. Appellants contend that

R.C. 4123.519's appeal provisions constitute such a remedy. We disagree that an R.C. 4123.519 appeal is available, but find that an adequate remedy exists nonetheless.

*Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175, paragraph one of the syllabus, recently declared appealable only those decisions involving a claimant's right to participate in workers' compensation benefits. The present commission decision does not involve claimant's right to participate. It merely holds in abeyance claimant's motion for interim compensation pending a final determination of her claim. An appeal, therefore, will not lie.

The unavailability of appeal, however, does not foreclose the possibility of other adequate remedies. R.C. 2721.02 provides:

"Courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. * * * The declaration may be either affirmative or negative in form and effect. Such declaration has the effect of a final judgment or decree."

R.C. 2721.03 additionally provides that:

"Any person * * * whose rights, status, or other legal relations are affected by a constitutional provision [or] statute * * * may have determined any question of construction or validity arising under such * * * constitutional provision [or] statute * * * and obtain a declaration of rights, status, or other legal relations thereunder."

Claimant in essence seeks a declaration of her rights under R.C. 4123.515. The nature of this controversy falls within that contemplated by the declaratory judgment provisions of R.C. Chapter 2721. Under these facts, declaratory judgment provides an adequate remedy at law which precludes the issuance of a writ of mandamus. *State, ex rel. Berger, v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225.

Accordingly, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.