OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


The State ex rel. St. Francis--St. George Hospital, Appellant,
v. Industrial Commission of Ohio et al., Appellees.
[Cite as State ex rel. St. Francis-St. George Hosp. v. Indus.
Comm. (1994),      Ohio St.3d      .]
Workers' compensation -- Claimant not entitled to concurrent
     payment of compensation for impaired earning capacity and
     temporary total disability where the same body part but
     different conditions are involved.
     (No. 93-1567 -- Submitted July 27, 1994 -- Decided October
5, 1994.)
     Appeal from the Court of Appeals for Franklin County, No.
92AP-586.
     On June 8, 1982, appellee-claimant, Lottie Carr, was
injured in the course of and arising from her employment with
appellant St. Francis-St. George Hospital.  Her workers'
compensation claim, No. 808980-22 ("claim one"), was recognized
for "sprain/strain low back; bruise, contusion, pain-stomach;
sprain/strain both hips."
     Five months later, she sustained a second industrial
injury.  That claim, No. 802930-22 ("claim two"), was allowed
for "bruised left elbow; pulled muscle left shoulder" and
"aggravation of pre-existing low back injury."  Claimant began
receiving temporary total disability compensation on December
15, 1982 and that compensation apparently continues.
     On May 9, 1984, claimant moved appellee Industrial
Commission for permanent partial disability compensation in
claim one.  She apparently submitted a report from Dr. Roger V.
Meyer, her attending physician, but no appropriately dated
report is of record.  The examining physician, Samuel P. Todd,
Jr., was somewhat confused as to what conditions were allowed
in claim one.  He referred to claimant's elbow and shoulder,
which were allowed in the other claim, and related that:
     "They got well pretty rapidly.  It bothers her only
occasionally now.  Most of her discomfort is in her back and
right leg."
     The balance of his discussion involved claimant's low back
and concluded with an assessment of fifteen-percent permanent
partial impairment in claim one.  He did not mention claim

one's stomach or hip conditions and did not intimate that they contributed to her fifteen-percent impairment.

Dr. Selden Hamilton evaluated claimant on the commission's behalf. He noted complaints of pain on straight leg raising, decreased spinal motion and tenderness. He concluded that claimant's permanent partial impairment was eighty-five percent.

On February 8, 1985, a commission district hearing officer awarded compensation for a sixty-percent permanent partial disability based on the reports of Doctors Hamilton, Todd and Meyer. Appellant timely sought reconsideration. On rehearing, a staff hearing officer held claimant's permanent partial disability application "in abeyance until such time as the claimant ceases to be temporarily and totally disabled as a result of her low back condition at which time she is to be re-examined on the question of percentage of permanent partial disability."

On July 23, 1986, the commission exercised its continuing jurisdiction and vacated the staff hearing officer's order, finding:

"[T]he order constitutes an abuse of discretion in that:

"(1) claim numbers 802930-22 and 808980-22 are not allowed for identical conditions; and,

"(2) State ex rel. James O. Steurer v. Indus. Comm. [(Mar. 17, 1983), Franklin App. No. 82AP-893, unreported, 1983 WL 13804] permits the concurrent payment of awards under O.R.C. Sections 4123.56 and 4123.57 for different injuries arising from different claims.

"* * *

"The instant claims * * * are referred * * * for further processing of the employer's 3-21-85 C88 application for reconsideration."

The reconsidered order of the staff hearing officer that followed on June 30, 1987, found a fifteen percent permanent partial disability, citing Drs. Todd, Meyer, and Hamilton. Approximately three months later, claimant elected to receive her award as compensation for impaired earning capacity under former R.C. 4123.57(A). She moved for a hearing on impaired earning capacity shortly thereafter.

A district hearing officer, on June 6, 1988, assessed claimant's impaired earning capacity as follows:

"Claimant is 66 years old, she has completed the 11th grade, with no special vocational training, her past employment includes operating technician, housekeeper, waitress, cook and cashier. She has no skills that are transferable to less strenuous work that is within her physical capacities.

"District Hearing Officer further finds that based on claimant's medical impairment (per Dr Roger Meyer) and non-medical factors as stated above, the claimant has an impairment in earning capacity of 15% to start [as] of 2-2-84 and to continue upon submission [of] supportive medical evidence and C-94-A wage statement."

A regional board of review affirmed on July 7, 1989, and the appellant again appealed. Among the points of contention was the propriety of concurrent payment of compensation for impaired earning capacity and temporary total disability. Appellant also alleged that any back-induced impairment of earning capacity was attributable not to claim one, but to

claim two, in which she was already receiving temporary total disability compensation. Staff hearing officers on August 29, 1990 vacated the July 7, 1989 regional board order and ruled that claimant had suffered no impairment of earning capacity as a result of her injuries in claim one.

Claimant moved for reconsideration. On February 14, 1991, the commission vacated the staff hearing officer's August 29, 1990 order denying impaired earning capacity and directed that the matter be reset for staff hearing. The staff hearing generated thereby on April 25, 1991 upheld the regional board's July 7, 1989 affirmance of impaired earning capacity benefits.

Appellant moved for reconsideration. On August 22, 1991, the commission granted appellant's motion because "there may have been an abuse of discretion in the issuance of the order of April 25, 1991." Rehearing occurred on October 17, 1991, with an order affirming the July 7, 1989 board order following approximately one month later.

Appellant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in awarding impaired earning capacity benefits. The appellate court denied the writ.

This cause is now before this court upon an appeal as of right.

Dinsmore & Shohl and Michael L. Squillace, for appellant.

Lee Fisher, Attorney General, Gerald H. Waterman and Jetta Mencer, Assistant Attorneys General, for appellee Industrial Commission.

Young, Reverman & Napier Co., L.P.A., Martin M. Young and Stephen S. Mazzei, for appellee Lottie Carr.

Per Curiam. Appellant challenges claimant's impaired earning capacity award because claimant, in her other claim, (1) was concurrently getting temporary total disability compensation and (2) had filed for permanent total disability compensation. Appellant also asserts a due process violation arising from the commission's February 14, 1991 decision to reconsider the staff hearing officer's reversal of the July 7, 1989 regional board order. Claimant, in turn, questions the availability of an adequate remedy at law. For the following reasons, appellant's objections to the impaired earning capacity award are sustained and the appellate judgment is reversed.

We initially reject claimant's assertion that declaratory judgment is an adequate remedy at law. At issue is claimant's entitlement to impaired earning capacity benefits -- an extent of disability question that is the subject of mandamus. R.C. 4123.519.

State ex rel. Marks v. Indus. Comm. (1992), 63 Ohio St.3d 184, 586 N.E.2d 109, on which claimant relies, differs from this case. In Marks, claimant's initial allowance was denied by the district hearing officer, granted by the regional board and denied by staff hearing officers. The claimant then properly appealed to common pleas court.

During the appeal's pendency, the claimant sought compensation and benefits for the period between the regional board's allowance and the staff hearing officer's denial. The

commission held claimant's request in abeyance pending the outcome of her appeal.  Claimant then went forward in mandamus to compel compensation and benefits.

Anchoring claimant's request was former R.C. 4123.515, which provided:

"[W]here the regional board rules in favor of the claimant, compensation and benefits shall be paid * * * whether or not further appeal is taken."

We declined to address claimant's rights under R.C. 4123.515, finding declaratory judgment to be the appropriate vehicle for relief.  Resolution here, however, does not hinge on a declaration of statutory rights under either R.C. 4123.57(A) or R.C. 4123.56, since no  one contests the impropriety of concurrent compensation for temporary total disability and impaired earning capacity for the same condition.  Instead, the parties disagree as to whether the same condition is indeed involved in both claims.  Statutory analysis will, accordingly, be of no assistance, negating the utility of a declaratory judgment action.

Appellant's constitutional challenge was initiated by the August 29, 1990 staff hearing officer order which vacated the July 7, 1989 regional board order and disallowed impaired earning capacity compensation.  Claimant successfully moved for rehearing, and the merits of the regional board's order were reheard on April 25, 1991.

Appellant's due process challenge is difficult to decipher.  Apparently, appellant believes that the commission should have held a hearing on whether to grant the claimant's reconsideration motion and rehear the board's order.

Appellant cites no authority that requires the commission to hold a hearing on the question of whether to hold another hearing.  Equally important, appellant alleges no resulting prejudice.  This is not a case where the commission granted a motion for reconsideration and directly proceeded to redecide the merit issue without allowing appellant a chance to respond.  Appellant was afforded the opportunity to -- and did indeed -- respond to the substantive merits of the issue of impaired earning capacity on April 25, 1991.  Therefore, no due process rights were violated.

Appellant also challenges concurrent payment of impaired earning capacity benefits and temporary total disability compensation.  The former may not be paid concurrently with compensation for temporary total disability or permanent total disability if the disability giving rise to dual benefits involves the same body part.  State ex rel. Ohio City Mfg. Co. v. Indus. Comm. (1988), 40 Ohio St.3d 170, 532 N.E.2d 748; State ex rel. Litten v. Indus. Comm. (1992), 65 Ohio St.3d 178, 602 N.E.2d 624.  Contrary to appellant's representation, however, the mere filing of a motion for permanent total disability compensation does not preclude impaired earning capacity benefits.  While claimant indeed seeks compensation for permanent total disability in her second claim, her application has not been adjudicated and, therefore, cannot bar an impaired earning capacity award.

Unlike permanent total disability compensation, temporary total disability compensation in this claim is a reality.  The appellate court ruled that because the claims are not allowed

for identical conditions -- claim one for "sprain/strain low back and hips; bruised stomach and sprain/strain hips" and claim two for "elbow, shoulder and aggravation of pre-existing low back injury" -- concurrent payment was not barred. We disagree.

Ohio City permits concurrent compensation for temporary total disability and impaired earning capacity only where "different parts of the body" are involved. (Emphasis added.) Id., 40 Ohio St.3d at 171, 532 N.E.2d at 750. It did not, as the appellate opinion suggests, authorize dual compensation where the same body part but different conditions are involved.

Claimant counters that each claim is allowed for conditions other than low back injury. While this is true, there is no evidence indicating that anything other than claimant's low back is the cause of her alleged impairment of earning capacity or temporary total disability. Claimant has presented no evidence indicating that her hip, stomach, shoulder or elbow conditions contribute to either of her alleged disabilities. To the contrary, what little evidence does touch upon these conditions suggests that these injuries have long since healed. The mere existence of these conditions does not revive claimant's entitlement to concurrent compensation for impaired earning capacity and temporary total disability.

Accordingly, the appellate judgment is reversed, and the commission is ordered to vacate its November 22, 1991 order and to deny claimant's motion for compensation for impaired earning capacity in claim one.

                              Judgment reversed
                              and writ issued.

Moyer, C.J., A.W. Sweeney, Douglas, Wright and Pfeifer, JJ., concur.

Resnick and F.E. Sweeney, JJ., dissent and would affirm.