THE STATE EX REL. ST. FRANCIS–ST. GEORGE HOSPITAL, APPELLANT,
*v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. St. Francis–St. George Hosp.
v. Indus. Comm.* (1994), 70 Ohio St.3d 498.]

(No. 93–1567—Submitted July 27, 1994—Decided October 5, 1994.)

500

*Dinsmore & Shohl* and *Michael L. Squillace,* for appellant.

*Lee Fisher*, Attorney General, *Gerald H. Waterman* and *Jetta Mencer*, Assistant Attorneys General, for appellee Industrial Commission.

*Young, Reverman & Napier Co., L.P.A., Martin M. Young* and *Stephen S. Mazzei*, for appellee Lottie Carr.

---

*Per Curiam.* Appellant challenges claimant's impaired earning capacity award because claimant, in her other claim, (1) was concurrently getting temporary total disability compensation and (2) had filed for permanent total disability compensation. Appellant also asserts a due process violation arising from the commission's February 14, 1991 decision to reconsider the staff hearing officer's reversal of the July 7, 1989 regional board order. Claimant, in turn, questions the availability of an adequate remedy at law. For the following reasons, appellant's objections to the impaired earning capacity award are sustained and the appellate judgment is reversed.

We initially reject claimant's assertion that declaratory judgment is an adequate remedy at law. At issue is claimant's entitlement to impaired earning capacity benefits—an extent of disability question that is the subject of mandamus. R.C. 4123.519.

*State ex rel. Marks v. Indus. Comm.* (1992), 63 Ohio St.3d 184, 586 N.E.2d 109, on which claimant relies, differs from this case. In *Marks,* claimant's initial allowance was denied by the district hearing officer, granted by the regional board and denied by staff hearing officers. The claimant then properly appealed to common pleas court.

During the appeal's pendency, the claimant sought compensation and benefits for the period between the regional board's allowance and the staff hearing officer's denial. The commission held claimant's request in abeyance pending the outcome of her appeal. Claimant then went forward in mandamus to compel compensation and benefits.

Anchoring claimant's request was former R.C. 4123.515, which provided:

"[W]here the regional board rules in favor of the claimant, compensation and benefits shall be paid * * * whether or not further appeal is taken."

We declined to address claimant's rights under R.C. 4123.515, finding declaratory judgment to be the appropriate vehicle for relief. Resolution here, however, does not hinge on a declaration of statutory rights under either R.C. 4123.57(A) or R.C. 4123.56, since no one contests the impropriety of concurrent compensation for temporary total disability and impaired earning capacity for the same condition. Instead, the parties disagree as to whether the same condition is indeed involved in both claims. Statutory analysis will, accordingly, be of no assistance, negating the utility of a declaratory judgment action.

Appellant's constitutional challenge was initiated by the August 29, 1990 staff hearing officer order which vacated the July 7, 1989 regional board order and disallowed impaired earning capacity compensation. Claimant successfully moved for rehearing, and the merits of the regional board's order were reheard on April 25, 1991.

Appellant's due process challenge is difficult to decipher. Apparently, appellant believes that the commission should have held a hearing on whether to grant the claimant's reconsideration motion and rehear the board's order.

Appellant cites no authority that requires the commission to hold a hearing on the question of whether to hold another hearing. Equally important, appellant alleges no resulting prejudice. This is not a case where the commission granted a motion for reconsideration *and* directly proceeded to redecide the merit issue without allowing appellant a chance to respond. Appellant was afforded the opportunity to—and did indeed—respond to the substantive merits of the issue of impaired earning capacity on April 25, 1991. Therefore, no due process rights were violated.

Appellant also challenges concurrent payment of impaired earning capacity benefits and temporary total disability compensation. The former may not be paid concurrently with compensation for temporary total disability or permanent total disability if the disability giving rise to dual benefits involves the same body part. *State ex rel. Ohio City Mfg. Co. v. Indus. Comm.* (1988), 40 Ohio St.3d 170, 532 N.E.2d 748; *State ex rel. Litten v. Indus. Comm.* (1992), 65 Ohio St.3d 178, 602 N.E.2d 624. Contrary to appellant's representation, however, the mere *filing* of a motion for permanent total disability compensation does not preclude impaired earning capacity benefits. While claimant indeed seeks compensation for permanent total disability in her second claim, her application has not been adjudicated and, therefore, cannot bar an impaired earning capacity award.

Unlike permanent total disability compensation, temporary total disability compensation in this claim is a reality. The appellate court ruled that because the claims are not allowed for identical conditions—claim one for "sprain/strain low back and hips; bruised stomach and sprain/strain hips" and claim two for "elbow, shoulder and aggravation of pre-existing low back injury"—concurrent payment was not barred. We disagree.

*Ohio City* permits concurrent compensation for temporary total disability and impaired earning capacity *only* where "different *parts of the body* " are involved. (Emphasis added.) *Id.,* 40 Ohio St.3d at 171, 532 N.E.2d at 750. It did not, as the appellate opinion suggests, authorize dual compensation where the same body part but different conditions are involved.

Claimant counters that each claim is allowed for conditions other than low back injury. While this is true, there is no evidence indicating that anything other

than claimant's low back is the cause of her alleged impairment of earning capacity or temporary total disability. Claimant has presented no evidence indicating that her hip, stomach, shoulder or elbow conditions contribute to either of her alleged disabilities. To the contrary, what little evidence does touch upon these conditions suggests that these injuries have long since healed. The mere existence of these conditions does not revive claimant's entitlement to concurrent compensation for impaired earning capacity and temporary total disability.

Accordingly, the appellate judgment is reversed, and the commission is ordered to vacate its November 22, 1991 order and to deny claimant's motion for compensation for impaired earning capacity in claim one.

*Judgment reversed*
*and writ issued.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT and PFEIFER, JJ., concur.

RESNICK and F.E. SWEENEY, JJ., dissent and would affirm.