BISHOP, Appellee,

v.

THOMAS STEEL STRIP CORPORATION, Appellant.

[Cite as *Bishop v. Thomas Steel Strip Corp.* (1995), 101 Ohio App.3d 522.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 94–T–5078.

Decided March 3, 1995.

*Dale A. Nowak,* for appellee.

*Elizabeth A. Crosby,* for appellant.

CHRISTLEY, Presiding Judge.

Appellant, Thomas Steel Strip Corporation, appeals an April 11, 1994 judgment entry granting appellee James V. Bishop's motion to dismiss appellant's appeal to the Trumbull County Court of Common Pleas.

On January 7, 1987, appellee injured his left knee in a work-related accident. Appellee's workers' compensation claim was thereafter certified by appellant for "contusion of the left knee" on January 19, 1987. Subsequently, appellee twice moved the Industrial Commission for further allowance of the claim for a variety of conditions related to his work-related knee injury. These conditions were ultimately allowed by orders of the commission dated March 20, 1989 and October 18, 1991.

On May 22, 1992, appellant moved the commission pursuant to R.C. 4123.52 to reconsider its previous orders on the basis of newly discovered evidence that appellee had suffered an intervening and more severe injury to his left knee in a non-work-related fall at his home on December 2, 1987. Appellant requested that appellee's claim be readjudicated on the issue of extent of disability, additional allowance and termination of benefits effective December 2, 1987.[1] The district hearing officers denied appellant's motion. However, the regional board of review vacated the decision of the district hearing officers and ordered that appellee's temporary total compensation be terminated as of December 2, 1987.

Appellee appealed this decision, and on August 2, 1993, the commission's staff hearing officers vacated the regional board's decision and reinstated the decision of the district hearing officers. The staff hearing officers found that appellant had failed to demonstrate that appellee's "recognized disability was worsened or aggravated by the undisputed fall of December 2, 1987."

Appellant appealed this decision to the Trumbull County Court of Common Pleas pursuant to R.C. 4123.512. Appellee filed a motion to dismiss pursuant to Civ.R. 12(B)(1) on the basis that the trial court lacked subject matter jurisdiction over the appeal because the commission's order pertained to the extent of appellee's disability, as opposed to his right to participate in the State Insurance Fund.

On April 11, 1994, the trial court granted appellee's motion pursuant to this court's decision in *Medve v. Thomas Steel Strip Corp.* (June 18, 1993), Trumbull App. No. 92–T–4791, unreported, 1993 WL 216314.

Before this court, appellant advances two assignments of error:

"1. The trial court erred in dismissing Thomas Steel's appeal, since the Commission decision in this case concerned appellee's right to continued participation in the workers' compensation system following the December 2, 1987 superseding, intervening incident, which is a properly appealable issue pursuant to Ohio Revised Code Section 4123.512.

"2. The trial court's dismissal of Thomas Steel's appeal violated Thomas Steel's right to equal protection as outlined in the Ohio and United States Constitutions, since it denied Thomas Steel an Ohio Revised Code Section 4123.512 appeal from a Commission decision concerning an employee's continued

---

1. Apparently, appellant first learned of appellee's December 2, 1987 fall some time in early 1990, and had moved the Industrial Commission on March 26, 1990, to prevent the allowance of appellee's additional conditions on this basis. However, there is no evidence in the record before this court that appellant's motion was ever adjudicated administratively prior to the time appellant refiled this motion on May 22, 1992.

participation in the Workers' Compensation system after a superseding, intervening, non-work related incident."

■ Under its first assignment, appellant contends that the decision of the commission's staff hearing officers involved appellee's right to continued participation in the system, and thus its appeal falls within the purview of R.C. 4123.512 and the jurisdiction of the Trumbull County Court of Common Pleas.

R.C. 4123.512(A), as amended and recodified, provides that a claimant or an employer may appeal to the court of common pleas a decision of the commission in any injury or occupational disease case, other than a decision as to the extent of disability.

The Supreme Court of Ohio has narrowly construed R.C. 4123.512(A) as standing for the proposition that " * * * [t]he *only* decisions of the commission that may be appealed to the courts of common pleas under R.C. [4123.512] are those that are final and that resolve an employee's right to participate or to continue to participate in the State Insurance Fund." (Emphasis *sic.*) *Felty v. AT & T Technologies, Inc.* (1992), 65 Ohio St.3d 234, 238, 602 N.E.2d 1141, 1145.

The *Felty* court went on to hold:

" * * * A 'claim' in a workers' compensation case is the basic or underlying request by an employee to participate in the compensation system because of a specific work-related injury or disease. A decision by the commission determines the employee's right to participate if it finalizes the allowance or disallowance of an employee's 'claim.' The only action by the commission that is appealable under R.C. [4123.512] is this essential decision to grant, to deny, or to terminate the employee's participation or continued participation in the system." *Id.* at 239, 602 N.E.2d at 1145.

In *Medve*, claimant's employer sought to terminate claimant's participation in the system due to two separate intervening and non-work-related falls which allegedly worsened his condition. The commission found that the claimant's falls did not constitute intervening incidents, and the court of common pleas granted claimant's motion to dismiss. This court affirmed, citing *Felty* for the proposition that "once the right to participate is determined, no subsequent rulings are appealable pursuant to R.C. [4123.512] unless a ruling *terminates* the right to participate." (Emphasis *sic.*) *Medve*, at 5, citing *Felty* at 240, 602 N.E.2d at 1146.

We concluded that the commission's order did not terminate the claimant's right to participate but only addressed the extent of his disability. *Id.* at 6.

Similarly, in the instant case, appellee's right to participate was determined by the commission's orders of March 20, 1989 and October 18, 1991. Appellant

subsequently moved the commission to reconsider whether appellee should remain eligible for temporary total benefits as a result of the alleged intervening incident occurring on December 2, 1987. As in *Medve,* the commission determined that appellee's non-work-related fall did not worsen or aggravate his previously recognized disability, and therefore appellee remained eligible for temporary total disability benefits.

We conclude that the commission's order of August 2, 1993 involved the extent of appellee's disability. Since the commission's order did not terminate appellee's right to participate, the trial court did not err in granting appellee's motion to dismiss for lack of subject matter jurisdiction.

We acknowledge that there are appellate decisions which do not appear to be as constrained by *Felty* as does our decision in *Medve.* This is an issue for the Supreme Court of Ohio to resolve. See *Flora v. Cincinnati Milacron, Inc.* (1993), 88 Ohio App.3d 306, 623 N.E.2d 1279; *Moore v. Trimble* (Dec. 21, 1993), Franklin App. No. 93APE08–1084, unreported, 1993 WL 531289; *Jones v. Massillon Bd. of Edn.* (June 13, 1994), Stark App. No. 94CA0018, unreported, 1994 WL 313721.

■ Under its second assignment of error, appellant asserts that the trial court's dismissal of its appeal violated its constitutional right to equal protection under Section 2, Article I of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution. Specifically, appellant maintains that a decision of the Industrial Commission *terminating* a claimant's participation in the system allows a claimant to appeal to the common pleas court pursuant to R.C. 4123.512. However, a decision that claimant's ongoing participation in the system is *not terminated* prevents an employer from appealing to the common pleas court.

Appellant's constitutional argument is without merit. One goal of the workers' compensation system is that it operate largely outside the courts. *Felty,* 65 Ohio St.3d at 238, 602 N.E.2d at 1144–1145. To this end, the General Assembly has restricted the right of litigants to appeal decisions of the commission to those decisions involving an employee's right to participation in the system.

Once such a right is determined "no subsequent rulings, *except a ruling that terminates the right to participate,* are appealable pursuant to R.C. [4123.512]." (Emphasis added.) *Felty* at 240, 602 N.E.2d at 1146. There is a rational basis for such a distinction—the orderly and efficient operation of the system.

As the *Felty* court observed:

" * * * Because the workers' compensation system was designed to give employees an exclusive statutory remedy for work-related injuries, 'a litigant has no inherent right of appeal in this area * * *.' *Cadle v. Gen. Motors Corp.*

[1976], 45 Ohio St.2d 28, 33, 74 O.O.2d 50, 52, 340 N.E.2d 403, 406. Therefore, a party's right to appeal workers' compensation decisions to the courts is conferred solely by statute." *Felty* at 237, 602 N.E.2d at 1144.

Based on the foregoing, appellant's second assignment is not well taken. The judgment of the trial court is affirmed.

*Judgment affirmed.*

JOSEPH E. MAHONEY and NADER, JJ., concur.