IN MANDAMUS ON OBJECTIONS TO THE MAGISTRATE'S DECISION MEMORANDUM DECISION
Relator, Bobby E. Cobble, has filed an original action in mandamus requesting this court to issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order that applied the two-year limitation in R.C.4123.52 to relator's request for an adjustment of all paid compensation in his industrial claim based upon the bureau's resetting of the average weekly wage ("AWW"), and to enter an order requiring the bureau to adjust all paid compensation without regard to R.C. 4123.52's two-year limitation.
This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision including findings of fact and conclusions of law. The magistrate recommended that this court deny relator's request for a writ of mandamus. Relator has filed two objections to the magistrate's decision.
Relator argues in his first objection that he raised a constitutional challenge to the findings of the commission and that this issue was never addressed in the magistrate's decision. Relator argued in his brief before the magistrate that his right to due process was violated because the commission calculated his AWW without giving relator an opportunity for a hearing or to contest the decision. Since a review of the magistrate's decision shows that this issue was not addressed, we will address it.
"[D]ue-process rights are best protected by adhering as closely as possible to the statutory procedure when the events are occurring." In re Miller (1992), 63 Ohio St.3d 99, 107, fn. 5. Besides a general claim to a right of due process, relator fails to cite any authority that would have required the commission to provide relator with a hearing concerning the commission's simple mathematical computations of relator's AWW. See State ex rel. St.Francis-St. George Hosp. v. Indus. Comm. (1994), 70 Ohio St.3d 498,502.
Additionally, relator had notice of the commission's determination of the amount of benefits he would receive well before March 17, 1997 when he filed his motion to adjust his benefits. This is demonstrated by the fact that relator had been receiving benefit payments for many years. If relator was dissatisfied with the amount of benefits he was receiving, he could have petitioned the commission for a recomputation. Stateex rel. Logan v. Indus. Comm. (1995), 72 Ohio St.3d 599. Relator fails to give any reasons why he waited ten years before petitioning for a recomputation of his AWW.
Although relator eventually did petition the commission for a recomputation, R.C. 4123.52 limited the commission's ability to retroactively pay relator benefits he should have received. R.C. 4123.52 states that the "commission shall not make any modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor." Accordingly, we overrule relator's first objection finding that relator has failed to demonstrate that the commission violated his due process rights.
Therefore, after an examination of the magistrate's decision, an independent review of the stipulated evidence, and due consideration of the objections, this court overrules the objections and adopts the findings of fact and conclusions of law contained in the magistrate's decision. Since the magistrate sufficiently discussed and determined the issues raised by relator in his second objection, further discussion is not warranted.
Accordingly, we adopt the magistrate's decision and deny relator's request for a writ of mandamus.
Objections overruled; writ of mandamus denied.
BRYANT and KENNEDY, JJ., concur.