[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 156.]

THE STATE EX REL. MCCULLOUGH, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. McCullough v. Indus. Comm.*, 2002-Ohio-348.]

*Workers' compensation—Mandamus sought to determine relator's rights under his professional-football-player-employment contract vis-à-vis R.C. 4123.56(C) or alternatively a declaration of R.C. 4123.56(C)'s constitutionality or unconstitutionality—Writ denied when relator has adequate remedy in the ordinary course of the law by way of a declaratory judgment action.*

(No. 00-1975—Submitted January 9, 2002—Decided January 30, 2002.)

Appeal from the Court of Appeals for Franklin County, No. 99AP-932.

_____

*Per Curiam*.

{¶ 1} Claimant-appellant Deland McCullough played football for appellee Cincinnati Bengals, Inc. ("Bengals"). Paragraph ten of the contract executed by these parties on April 22, 1996, states:

"Any compensation paid to Player under this contract or under any collective bargaining agreement in existence during the term of this contract for a period during which he is entitled to workers' compensation benefits by reason of temporary total, permanent total, temporary partial, or permanent partial disability will be deemed an advance payment of workers' compensation benefits due Player, and Club will be entitled to be reimbursed the amount of such payment out of any award of workers' compensation."

{¶ 2} On August 23, 1996, appellant injured his right knee and missed the entire season. During those weeks, he was paid his full salary.

**{¶ 3}** Appellant filed a workers' compensation claim that was promptly allowed. On March 9, 1998, after his player's contract expired, appellant applied for permanent partial disability compensation ("PPD"). A temporary order issued from the Bureau of Workers' Compensation awarding appellant a twenty-four percent PPD. The Bengals objected to this order, disputing not the amount or existence of a PPD, but appellant's right to receive it under the provisions of R.C. 4123.56(C). That subsection reads:

"In the event an employee of a professional sports franchise domiciled in this state is disabled as the result of an injury or occupational disease, the total amount of payments made under a contract of hire or collective bargaining agreement to the employee during the period of disability is deemed an advanced payment of compensation payable under sections 4123.56 to 4123.58 of the Revised Code. The employer shall be reimbursed the total amount of the advanced payments out of any award of compensation made pursuant to sections 4123.56 to 4123.58 of the Revised Code."

**{¶ 4}** A district hearing officer for appellee Industrial Commission overruled the Bengals's objection. However, upon reconsideration, a staff hearing officer for the commission sustained the Bengals's objection, stating:

"[T]he offset provisions set out in Ohio Revised Code Section 4123.56(C) do apply to this award. The Staff Hearing Officer finds this award of permanent partial disability under [R.C.] 4123.57 is an 'advance payment of compensation payable under sections [R.C.] 4123.56 to 4123.58 of the Ohio Revised Code' as outlined under [R.C.] 4123.56(C). The Staff Hearing Officer finds that [the] offset provision of [R.C.] 4123.56(C) is applicable in this case based on Ohio Administrative Code 4123-3-11(F)[.] [*Ladd v. Cincinnati Bengals, Inc.* (Mar. 27, 1998), Hamilton App. No. C-970522, unreported, 1998 WL 140093], *Walker v. Cincinnati Bengals, Inc.* [(Mar. 21, 1997), Hamilton App. No. C-960653,

2

unreported], *State ex rel. Cleveland Browns, Inc. v. Indus. Comm.* [(Dec. 8, 1998), Franklin App. No. 97APD11-1474, unreported, 1998 WL 869549]."

{¶ 5} Further reconsideration was denied.

{¶ 6} Appellant then filed a complaint in mandamus in the Court of Appeals for Franklin County. In the court of appeals, he did not allege that the twenty-four-percent award made by the bureau and commission was not an accurate assessment of his amount of disability. He instead sought a determination that his employment contract superseded the provisions of R.C. 4123.56(C) on the theory that his player's contract limited reimbursement to compensation paid during the contract term, and therefore provided "contractually improved" benefits. Alternatively, appellant sought a declaration that the statute was unconstitutional. These contentions led the court of appeals to conclude that appellant had an adequate remedy of law by way of a declaratory judgment action. A writ was accordingly denied.

{¶ 7} This cause is now before this court upon an appeal as of right.

{¶ 8} Among the prerequisites to the issuance of a writ of mandamus is the unavailability of a plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 30, 6 OBR 50, 51-52, 451 N.E.2d 225, 227. A declaratory judgment action can constitute such a remedy. *Eudela v. Rogers* (1984), 9 Ohio St.3d 159, 161, 9 OBR 448, 449, 459 N.E.2d 539, 541.

{¶ 9} R.C. 2721.03 states:

"[A]ny person interested under a deed, will, written contract, or other writing constituting a contract or any person whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, township resolution, contract, or franchise may have determined any question of construction or validity arising under such instrument, constitutional provision, statute, rule, ordinance, resolution,

contract, or franchise and obtain a declaration of rights, status, or other legal relations under it."

{¶ 10} In addition, we are unpersuaded that this controversy invokes "extent of disability"—subject matter that is specifically encompassed by mandamus. See R.C. 4123.512(A). See, also, *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175. This action does not challenge a determination concerning the numeric percentage of appellant's disability or a determination concerning the permanency of appellant's injury. To the contrary, none of the parties alleges that the award incorrectly reflects appellant's degree of disability. Instead, appellant seeks a determination of his rights under his contract of employment vis-à-vis R.C. 4123.56(C). Alternatively, he seeks a declaration of the statute's constitutionality or unconstitutionality. We agree with the court of appeals that these are issues that are well suited to an action in declaratory judgment.

{¶ 11} As did the court below, we reviewed the two unreported cases of *State ex rel. Bolden v. Indus. Comm.* (Jan. 23, 1997), Franklin App. No. 95APD03-282, unreported, and *State ex rel. Cleveland Browns, Inc. v. Indus. Comm.* (Dec. 8, 1998), Franklin App. No. 97APD11-1474, unreported, 1998 WL 869549—cases in which similar questions were addressed as to R.C. 4123.56(C) and player-employment contracts. In those decisions, however, the adequacy of declaratory relief was never raised by the parties and consequently was not addressed by the court of appeals. Upon being directly confronted with the issue here, we find that a declaratory judgment is indeed an adequate remedy at law.

{¶ 12} The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————

*Finkelmeier & Farrell, William I. Farrell* and *Louis J. Finkelmeier*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Dennis L. Hufstader*, Assistant Attorney General, for appellee Industrial Commission.

*Taft, Stettinius & Hollister, L.L.P., Robert S. Corker* and *Eric K. Combs*, for appellee Cincinnati Bengals, Inc.

*Taft, Stettinius & Hollister, L.L.P., Robert S. Corker* and *Eric K. Combs*, urging affirmance for *amicus curiae*, The New Cleveland Browns, L.L.C.

_____