BAKER, Appellee,

v.

FORESTER NURSING HOME, INC., Appellant; Ohio
Bureau of Workers' Compensation, Appellee.

[Cite as *Baker v. Forester Nursing Home, Inc.,* 154 Ohio App.3d 710, 2003-Ohio-3716.]

Court of Appeals of Ohio,
Seventh District, Jefferson County.

No. 02 JE 38.

Decided July 8, 2003.

George M. Sarap, for appellee Linda Baker.

Mreland, Buzzese, Clabria, Straus & Aresta and Frank J. Bruzzese, for appellant.

Jim Petro, Attorney General, and Phil Wright Jr., Assistant Attorney General, for appellee Ohio Bureau of Workers' Compensation.

DeGenaro, Judge.

{¶ 1} This matter comes for consideration upon the record in the trial court, the parties' briefs, and their oral argument before this court. Appellant Forester Nursing Home appeals from the judgment of the Jefferson County Court of Common Pleas dismissing their administrative appeal based upon the lack of subject-matter jurisdiction. The issue presented to this court is whether Forester may bring an appeal under R.C. 4123.512 to challenge the Industrial Commission's decision that appellee Linda Baker has not reached maximum medical improvement and may therefore continue receiving temporary total benefits.

Because the trial court did not have subject-matter jurisdiction to hear that type of appeal under R.C. 4123.512 as it deals with the extent of an injury, we affirm the judgment of the trial court dismissing Forester's claim.

## Facts

{¶ 2} On May 1, 2001, Baker sustained an injury during the course of and arising out of her employment with Forester. Accordingly, a worker's compensation claim was allowed for right shoulder strain and aggravation of a pre-existing cervical strain. Disability compensation benefits were paid by the Bureau of Workers' Compensation, with Forester being a contributor to the State Insurance Fund.

{¶ 3} At a subsequent hearing held before a staff hearing officer, Forester argued Baker's temporary total disability ("TTD") benefits should be terminated with finality based upon her ability to return to work and her achievement of maximum medical improvement ("MMI"). The hearing officer ruled against Forester on these issues, so Forester appealed the decision to the Industrial Commission, which affirmed the hearing officer's decision.

{¶ 4} Forester proceeded to file an appeal with the Jefferson County Court of Common Pleas challenging the Industrial Commission's decision. In response, Baker filed a petition with the court praying for the right to participate in the Worker's Compensation Fund in addition to a motion to dismiss Forester's notice of appeal. Soon after, the Administrator of the Bureau of Workers' Compensation filed an answer, which raised the trial court's lack of subject-matter jurisdiction. Forester then filed an answer, in addition to a counterclaim for declaratory judgment.

{¶ 5} On August 16, 2002, the trial court dismissed both Forester's appeal under R.C. 4123.512 and its declaratory judgment action based on lack of subject-matter jurisdiction. It is from that decision that Forester appeals.

## Review of Administrative Ruling

### A. Appeal or Mandamus

{¶ 6} As its first assignment of error, Forester asserts:

{¶ 7} "Where the determination of an issue (including the issue of whether an employee is able to return to work or has achieved MMI) may terminate an employee's right to participate in temporary total disability benefits, the administrative decision of the Industrial Commission and Staff Hearing Officer is appealable to the common pleas court under 4123.512."

{¶ 8} Forester filed an appeal with the trial court challenging the Industrial Commission's decision permitting Baker to continue to receive temporary total disability benefits. The Industrial Commission based its decision upon her inability to return to work and her failure to achieve maximum medical improvement. The trial court dismissed the case based on its lack of subject-matter jurisdiction.

{¶ 9} Under R.C. 4123.512, claimants and employers can appeal Industrial Commission orders to a common pleas court only when the order grants or denies the claimant's right to participate. Determinations as to the extent of a claimant's disability, on the other hand, are not appealable and must be challenged in mandamus. *State ex rel. Liposchak v. Indus. Comm.* (2000), 90 Ohio St.3d 276, 737 N.E.2d 519; *Thomas v. Conrad* (1998), 81 Ohio St.3d 475, 477, 692 N.E.2d 205, 207; *Felty v. AT&T Technologies, Inc.* (1992), 65 Ohio St.3d 234, 237, 602 N.E.2d 1141; *Zavatsky v. Stringer* (1978), 56 Ohio St.2d 386, 10 O.O.3d 503, 384 N.E.2d 693, paragraph one of the syllabus.

{¶ 10} Significantly, the Ohio Supreme Court has concluded that the only right-to-participate question that is appealable is whether an employee's injury, disease, or death occurred in the course of and arising out of his or her employment. *Liposchak*, 99 Ohio St.3d at 279, 737 N.E.2d 519, citing *Felty*, paragraph two of the syllabus; *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175, paragraph one of the syllabus; *State ex rel. Evans v. Indus. Comm.* (1992), 64 Ohio St.3d 236, 594 N.E.2d 609; and *Zavatsky*, paragraph one of the syllabus.

{¶ 11} In the present case, Forester argues that where the determination of an issue may terminate an employee's right to participate in temporary total disability benefits, including the issue of whether an employee is able to return to work or has achieved MMI, this decision could be properly appealed to the trial court under R.C. 4123.512. This argument is misplaced. The Industrial Commission's decision to allow Baker *to continue to participate* in the fund in no way established whether Baker's injury occurred in the course of and arising out of her employment. That decision had been made long ago when her claim was originally allowed. Therefore, the Industrial Commission's decision did not determine her right to participate as defined by the holding in *Liposchak.* Thus, it was improper to appeal that decision to the trial court under R.C. 4123.512. Instead, Forester should have filed a writ of mandamus.

{¶ 12} This does not conclude our analysis. Forester challenges this application of the law, claiming that it violates the constitutional right to equal protection under Section 2, Article I of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution. Specifically, Forester maintains that a decision of the Industrial Commission terminating a claimant's partic-

ipation in the system allows a claimant to appeal to the common pleas court pursuant to R.C. 4123.512. However, a decision that claimant's ongoing participation in the system is not terminated prevents an employer from appealing to the common pleas court.

{¶ 13} The Eleventh District previously dispelled this very argument in *Bishop v. Thomas Steel Strip Corp.* (1995), 101 Ohio App.3d 522, 655 N.E.2d 1370:

{¶ 14} "Appellant's constitutional argument is without merit. One goal of the workers' compensation system is that it operate largely outside the courts. *Felty,* 65 Ohio St.3d at 238, 602 N.E.2d at 1144–1145. To this end, the General Assembly has restricted the right of litigants to appeal decisions of the commission to those decisions involving an employee's right to participation in the system.

{¶ 15} "Once such a right is determined 'no subsequent rulings, *except a ruling that terminates the right to participate,* are appealable pursuant to R.C. [4123.512].' (Emphasis added.) *Felty* at 240, 602 N.E.2d at 1146. There is a rational basis for such a distinction—the orderly and efficient operation of the system.

{¶ 16} "As the *Felty* court observed:

{¶ 17} "* * * Because the workers' compensation system was designed to give employees an exclusive statutory remedy for work-related injuries, 'a litigant has no inherent right of appeal in this area * * *.' *Cadle v. Gen. Motors Corp.* [1976], 45 Ohio St.2d 28, 33, 74 O.O.2d 50, 52, 340 N.E.2d 403, 406. Therefore, a party's right to appeal workers' compensation decisions to the courts is conferred solely by statute.' *Felty* at 237, 602 N.E.2d at 1144." Id. at 526–527, 655 N.E.2d 1370.

{¶ 18} Because the reasoning of the Eleventh District is sound, we adopt the *Bishop* holding and on that basis conclude that Forester's first assignment of error is meritless.

### B. Declaratory Judgment

{¶ 19} As its second assignment of error, Forester asserts:

{¶ 20} "Where the determination of an issue (including the MMI issue or the ability to return to work issue) will determine a claimant's right to participate in TTD benefits, the common pleas court has jurisdiction to entertain a declaratory judgment."

{¶ 21} In *Felty,* the Ohio Supreme Court identified the procedural mechanisms for obtaining judicial review over the commission's rulings: (1) a direct appeal to a court of common pleas pursuant to R.C. 4123.512 (then

numbered R.C. 4123.519); (2) a mandamus petition; or, (3) an action for declaratory judgment filed pursuant to R.C. Chapter 2721. The mechanism appropriate for a particular litigant depends upon the nature of the commission's decision. Id. at 237, 602 N.E.2d 1141. "[I]f the litigant seeking judicial review does not make the proper choice, the reviewing court will not have subject matter jurisdiction and the case must be dismissed." Id. at 237, 602 N.E.2d 1141.

{¶ 22} In *State ex rel. McCullough v. Indus. Comm.* (2002), 94 Ohio St.3d 156, 761 N.E.2d 24, the Ohio Supreme Court was recently asked to determine whether a particular issue should have been resolved through a writ of mandamus or, in the alternative, through a declaratory judgment action. The appellant in *McCullough* was injured while playing football for the Cincinnati Bengals. The claimant filed a workers' compensation claim that was allowed. After his player's contract had expired, appellant applied for permanent partial disability compensation ("PPD"). A temporary order issued from the Bureau of Workers' Compensation awarding appellant a 24 percent PPD. The Bengals objected to this order, disputing not the amount or existence of a PPD, but appellant's right to receive it under the provisions of R.C. 4123.56(C). A district hearing officer for appellee Industrial Commission overruled the Bengals' objection. A staff hearing officer then ruled in favor of the Bengals.

{¶ 23} Appellant filed a complaint in mandamus in the court of appeals requesting a determination that his employment contract superseded the provisions of R.C. 4123.56(C). Alternatively, appellant sought a declaration that the statute was unconstitutional. The court of appeals concluded that appellant had an adequate remedy of law by way of a declaratory judgment action. A writ was accordingly denied.

{¶ 24} The appellant then appealed the case to the Ohio Supreme Court, which affirmed the decision of the appellate court, stating that the controversy did not invoke the subject matter that is specifically encompassed by mandamus, i.e. "extent of disability" claims. The court referenced both R.C. 4123.512(A) and its prior decision, *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175, explaining:

{¶ 25} "This action does not challenge a determination concerning the numeric percentage of appellant's disability or a determination concerning the permanency of appellant's injury. To the contrary, none of the parties alleges that the award incorrectly reflects appellant's degree of disability. Instead, appellant seeks a determination of his rights under his contract of employment vis-à-vis R.C. 4123.56(C). Alternatively, he seeks a declaration of the statute's constitutionality or unconstitutionality. We agree with the court of appeals that these are issues that are well suited to an action in declaratory judgment." *McCullough,* 94 Ohio St.3d at 159, 761 N.E.2d 24.

{¶ 26} In contrast, the Ohio Supreme Court in *State ex rel. St. Francis–St. George Hosp. v. Indus. Comm.* (1994), 70 Ohio St.3d 498, 639 N.E.2d 452, held that a claim challenging an impaired-earning-capacity award would be more appropriate for a writ of mandamus. The court determined that the issue was actually an extent-of-disability question that would be the proper subject of mandamus rather than declaratory judgment. The court rejected the claimant's assertion that declaratory judgment was an adequate remedy at law, distinguishing the case upon which claimant relied, *State ex rel. Marks v. Indus. Comm.* (1992), 63 Ohio St.3d 184, 586 N.E.2d 109, explaining:

{¶ 27} "In *Marks,* the claimant's initial allowance was denied by the district hearing officer, granted by the regional board and denied by staff hearing officers. The claimant then properly appealed to common pleas court.

{¶ 28} "During the appeal's pendency, the claimant sought compensation and benefits for the period between the regional board's allowance and the staff hearing officer's denial. The commission held claimant's request in abeyance pending the outcome of her appeal. Claimant then went forward in mandamus to compel compensation and benefits.

{¶ 29} "Anchoring claimant's request was former R.C. 4123.515, which provided:

{¶ 30} " '[W]here the regional board rules in favor of the claimant, compensation and benefits shall be paid * * * whether or not further appeal is taken.'

{¶ 31} "We declined to address claimant's rights under R.C. 4123.515, finding declaratory judgment to be the appropriate vehicle for relief. Resolution here, however, does not hinge on a declaration of statutory rights under either R.C. 4123.57(A) or R.C. 4123.56, since no one contests the impropriety of concurrent compensation for temporary total disability and impaired earning capacity for the same condition. Instead, the parties disagree as to whether the same condition is indeed involved in both claims. Statutory analysis will, accordingly, be of no assistance, negating the utility of a declaratory judgment action." *State ex rel. St. Francis–St. George Hosp.,* 70 Ohio St.3d at 501, 639 N.E.2d 452.

{¶ 32} Similarly here, Forester did not call into question the Industrial Commission's interpretation of the law. Instead, Forester merely challenged the factual determination that Baker has not reached MMI. In other words, Forester has challenged the extent of Baker's disability, the subject of a writ of mandamus. Accordingly, we find that the trial court properly dismissed Forester's complaint for declaratory judgment. Forester's second assignment of error is meritless.

{¶ 33} As Forester's assignments of error are meritless, the judgment of the trial court is affirmed.

Judgment affirmed.

WAITE, P.J., and GENE DONOFRIO, J., concur.